

2008 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

2-14-2008

# USA v. Ramsey

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-2207

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2008

Recommended Citation

"USA v. Ramsey" (2008). *2008 Decisions.* Paper 1603.
http://digitalcommons.law.villanova.edu/thirdcircuit_2008/1603

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2008 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NON-PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 05-2207

UNITED STATES OF AMERICA

v.

POLICE OFFICER JOHN RAMSEY,
a/k/a "40", a/k/a/ John Walton,

John Ramsey,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Judge: The Honorable Legrome D. Davis
District Court No. 03-cr-00266-3

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
February 14, 2008

_____

Before: SLOVITER, and SMITH, *Circuit Judges*,
DIAMOND, *District Judge**

(Filed: February 14, 2008)
_____

OPINION
_____

---

*The Honorable Gustave Diamond, Senior District Judge for the United States District
Court for the Western District of Pennsylvania, sitting by designation.

SMITH, *Circuit Judge*:

With this appeal, John Ramsey challenges the reasonableness of the sentence the District Court imposed on him. On June 29, 2004, at the conclusion of a week-long jury trial, Ramsey was convicted of (1) conspiracy to distribute more than 500 grams of cocaine and more than 50 grams of cocaine base, in violation of 21 U.S.C. § 846; (2) possession of more than 500 grams of cocaine with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B); (3) possession of more than 50 grams of cocaine base with the intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A); (4) possession of more than 500 grams of cocaine with the intent to distribute within 1,000 feet of an elementary school, in violation of 21 U.S.C. § 860; and (5) possession of more than 50 grams of cocaine base with the intent to distribute within 1,000 feet of an elementary school, in violation of 21 U.S.C. § 860. The District Court sentenced Ramsey to 324 months imprisonment, a term of supervised release of ten years, and a special assessment of $500. For the reasons set forth below, we will affirm.[1]

I.

In January of 2003, the Philadelphia Police Narcotics Field Unit executed a search warrant for 5466 Morse Street in Philadelphia. Immediately upon entering the residence, the police encountered and arrested Ramsey's co-defendants, Antuan Dicks and Corey Long. The police found Ramsey in the house's basement. A complete search of the

---

[1]The District Court exercised jurisdiction pursuant to 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

house resulted in the seizure of a total of 260 grams of cocaine base, 1,194 grams of powder cocaine, two digital scales, an amber pot that had been used to "cook" powder cocaine into cocaine base, and other items of contraband.

A jury convicted Ramsey of all charges. At the sentencing hearing, Ramsey argued that under 18 U.S.C. § 3553 the guidelines sentencing range was "greater than necessary to reflect the seriousness of the offense, to deter [appellant] and other individuals and to protect the public." Additionally, Ramsey advocated for a below-guidelines sentence by arguing that the nature of the offense and his personal characteristics, including the fact that he came from a troubled home, militated in favor of a lower sentence. The District Court rejected Ramsey's arguments, set his adjusted offense level at 36 and his Criminal History Category at VI, and sentenced Ramsey at the bottom of the resulting guideline range of 324 to 405 months imprisonment. This timely appeal followed.

## II.

In *United States v. Booker*, the Supreme Court held that mandatory application of the Federal Sentencing Guidelines was unconstitutional. 543 U.S. 220 (2005). Under the resulting advisory-guidelines regime, District Courts enjoy significant latitude in imposing criminal sentences. *Rita v. United States*, — U.S. —, 127 S.Ct. 2456, 2465 (2007); *Gall v. United States*, — U.S. — , No. 06-7949, 2007 WL 4292116, at *7 (U.S. Dec. 10, 2007). Post-*Booker,* appellate review is limited to reviewing the trial court's

3

sentence for "reasonableness." *United States v. Cooper*, 437 F.3d 324, 327 (3d Cir. 2006).

The reasonableness standard of appellate review is akin to abuse of discretion. *Gall*, 2007 WL 4292116, at *7 ("Our explanation of 'reasonableness' review in the *Booker* opinion made it pellucidly clear that the familiar abuse-of-discretion standard of review now applies to appellate review of sentencing decisions."). In conducting a reasonableness review, we must ensure that the sentencing court gave "meaningful consideration" to the sentencing factors articulated in 18 U.S.C. § 3553(a)[2] and

--------

[2]The factors a sentencing court must take into account include:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed–

(A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

(B) to afford adequate deterrence to criminal conduct;

(C) to protect the public from further crimes of the defendant; and

(D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for--

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines

4

"reasonably applied them to the circumstances of the case." *Cooper*, 437 F.3d at 300. It is therefore vital that the District Court "state adequate reasons for a sentence on the record so that this court can engage in meaningful appellate review." *United States v. King*, 454 F.3d 187, 196–97 (3d Cir. 2006). However, the District Court need not "discuss and make findings as to each of the § 3553(a) factors if the record makes clear the court took the factors into account in sentencing." *Cooper*, 437 F.3d at 329. The party challenging the sentence has the burden of demonstrating unreasonableness. *Id.* at 332.

Here, Ramsey argues that the sentence the District Court imposed is unreasonable because the District Judge "improperly limited its consideration to only two of the factors set forth in § 3553(a)." At his sentencing hearing, Ramsey advocated for a below-guidelines sentence by arguing that (1) the guideline range was greater than necessary to achieve the sentencing goals articulated in § 3553(a)(2); (2) the nature of the offense did not call for a lengthy sentence because that Defendant had not committed a violent crime;

. . . ;

> (5) any pertinent policy statement . . . issued by the Sentencing Commission . . . that . . . is in effect on the date the defendant is sentenced[;]
>
> (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and
>
> (7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

and (3) Ramsey's personal characteristics, including the fact that he came from a troubled home, militated in favor of a lower sentence. Ramsey contends that the District Court focused only on his criminal history, which is covered by § 3553(a)(1), and the range prescribed by the sentencing guidelines, which is covered by § 3553(a)(4).

At the sentencing hearing, the District Court did focus primarily on the guideline range prescribed by the sentencing guidelines and Ramsey's lengthy criminal history. However, the Court also addressed – either explicitly or implicitly – Ramsey's remaining arguments in favor of a below-guidelines sentence and all of the § 3553(a) factors. At Ramsey's sentencing hearing, the District Court noted that Ramsey's lengthy criminal history was highly influential in its conclusion that a guideline sentence was necessary to accomplish the statutory purposes set out in § 3553(a)(2). Similarly, the District Court rejected Ramsey's contention that the nature of the offense militated in favor of a lower sentence because of Ramsey's past history of committing violent crimes.

The District Court did not focus on Ramsey's personal characteristics and familial history at the time of sentencing. Nonetheless, the record shows that the Court considered Ramsey's argument that such considerations weighed in favor of a below-guidelines sentence. In response to counsel's initial arguments, the District Court stated that "I do think that the individual characteristics are of such importance. . . ." Based upon the record, the sentencing court's subsequent focus on Ramsey's criminal history and the nature of the offense appear to have been driven in large measure by the arguments

Ramsey and his counsel chose to emphasize.

To determine whether a sentencing court acted reasonably, we examine the court's application of the § 3553(a) factors to determine whether it reasonably applied them to the circumstances of the case. *Gall*, 2007 WL 4292116, at *12. "In doing so, we apply a deferential standard, the trial court being in the best position to determine the appropriate sentence in light of the particular circumstances of the case." *Cooper*, 437 F.3d at 330. Here, we are satisfied that the District Court gave meaningful consideration to all of the § 3553(a) factors and adequately explained its chosen sentence. Accordingly, we will affirm the judgment of the District Court.