ALD-119 **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-3060
_____

UNITED STATES OF AMERICA

v.

POLICE OFFICER JOHN RAMSEY
a/k/a 40
a/k/a John Walton

John Ramsey,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Criminal No. 2-03-cr-00266-003)
District Judge:  Honorable Legrome D. Davis

_____

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P.
10.6 or a Decision on the Issuance of a Certificate of Appealability
January 22, 2016

Before:  AMBRO, SHWARTZ and GREENBERG, Circuit Judges

(Opinion filed: January 28, 2016)
_____

OPINION[*]
_____

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

PER CURIAM

John Ramsey, a pro se inmate, appeals the District Court's order denying his petition for a writ of relief filed pursuant to the All Writs Act. This appeal presents no substantial question, and we will summarily affirm. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

Ramsey was convicted in the United States District Court for the Eastern District of Pennsylvania of various cocaine-distribution charges. The District Court sentenced him to a term of 324 months' imprisonment, a term of supervised release of ten years, and a special assessment of $500. This Court affirmed on February 14, 2008. See United States v. Ramsey, 264 F. App'x 256 (3d Cir. 2008) (C.A. No. 05-2207). The District Court subsequently reduced Ramsey's sentence on two occasions pursuant to Sentencing Commission guidelines amendments—most recently on February 25, 2015, when the District Court implemented an agreement between Ramsey and the government to reduce Ramsey's sentence to a term of 210 months' imprisonment.

Then, on March 19, 2015, Ramsey filed a motion in the District Court styled as a petition for a writ of relief under the All Writs Act, 28 U.S.C. § 1651, or alternatively as a petition for a writ of audita querela.[1] Ramsey claimed that newly discovered evidence concerning his arresting officers supported his argument that he was actually innocent.

_____

[1] Ramsey also invited the District Court to construe his petition as a Section 2255 motion, but it declined to do so. Ramsey has since filed a Section 2255 motion. The District Court denied the motion for the failure to timely comply with the District Court's order to resubmit the motion using the standard forms, as set out in the District Court's Local Rules. As of the date of this opinion, Ramsey has not challenged that denial.

The District Court denied the petition on the ground that a motion to vacate, set aside, or correct the sentence under 28 U.S.C. § 2255 was the proper vehicle to make such a claim. Ramsey appeals.

We have jurisdiction under 28 U.S.C. § 1291. Our review of a district court's order granting or denying a petition for a writ filed pursuant to the All Writs Act is plenary. See Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 328 (3d Cir. 2007) (exercising plenary review of injunctions under All Writs Act).

The District Court properly denied Ramsey's petition. "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (internal quotation omitted). That circumstance applies here, as a Section 2255 motion is the proper avenue for Ramsey to challenge his sentence. See id. And although Ramsey argued that relief under Section 2255 may not be available on untimeliness grounds, that circumstance does not provide a basis to evade the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 via a petition for relief under the All Writs Act or for a petition for a writ of audita querela. See id.

Because the appeal presents no substantial question, we will summarily affirm the District Court's order. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. This appeal does not require a decision on the issuance of a certificate of appealability. See 28 U.S.C. § 2253; United States v. Baptiste, 223 F.3d 188, 189 n.1 (3d Cir. 2000).

3