**Derrick MASSEY, Appellant**

v.

**UNITED STATES of America.**

**No. 09–1665.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 July 30, 2009.

Filed Sept. 11, 2009.

Derrick Massey, Fort Dix FCI, Fort Dix, NJ, pro se.

J. Alvin Stout, III, Esq., Office of United States Attorney, Philadelphia, PA, for Appellee.

Before RENDELL, HARDIMAN and VAN ANTWERPEN, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

Derrick Massey, a federal prisoner proceeding *pro se*, appeals an order of the United States District Court for the Eastern District of Pennsylvania denying his petition for a writ of audita querela. We will affirm the District Court's order.

In 1998, Massey pleaded guilty to conspiracy to distribute more than 500 grams of cocaine and marijuana and to unlawful use of a communications facility. Massey was sentenced to a term of 292 months in prison. In 2000, we affirmed the judgment of conviction. In 2002, the District Court denied Massey's motion to vacate his sentence pursuant to 28 U.S.C. § 2255.

We denied Massey's request for a certificate of appealability.

In 2009, Massey challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for a writ of audita querela in District Court. Massey argued that he should be afforded a new sentencing hearing under *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005). He asserted that the sentencing court might have imposed a shorter sentence if the court had not viewed the sentencing guidelines as mandatory. The District Court denied Massey's petition, and this appeal followed.

■■■ "The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute." *Pennsylvania Bureau of Correction v. U.S. Marshals Serv.*, 474 U.S. 34, 43, 106 S.Ct. 355, 88 L.Ed.2d 189 (1985). "Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Id.* The common law writ of audita querela permitted a defendant to obtain "relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *United States v. Ayala*, 894 F.2d 425, 427 (D.C.Cir.1990) (quoting 11 Charles A. Wright & Arthur R. Miller, *Federal Practice and Procedure* § 2867, at 235 (1973)). Historically, audita querela existed as a remedy primarily for judgment debtors. *Id.*

■■■ While the writ of audita querela has been abolished in civil cases, *see* Fed. R.Civ.P. 60(e), the writ is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir.2005); *United States v. Valdez–Pacheco*, 237 F.3d 1077, 1079 (9th Cir.2001). *See also United States v. Richter*, 510 F.3d 103, 104 (2d Cir.2007) (stating that the writ is probably available where there is a legal objection to a conviction that has arisen after the conviction and that is not redressable pursuant to another post-conviction remedy).

■■■ A motion to vacate sentence pursuant to 28 U.S.C. § 2255 is the means to collaterally challenge a federal conviction or sentence. The District Court correctly held that Massey may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255. There is no gap to fill in the post-conviction remedies.[1] Massey may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") for filing a second or successive § 2255 motion to vacate sentence. *See Valdez–Pacheco*, 237 F.3d at 1080 (noting that a "prisoner may not circumvent valid congressional limitations on collateral attacks by asserting that those very limitations create a gap in the post-conviction remedies that must be filled by the common law writs."). *See also United States v. Baptiste*, 223 F.3d 188, 189–90 (3d Cir.2000) (per curiam) (stating that a prisoner may not resort to a writ of coram nobis merely because he cannot meet AEDPA's gatekeeping requirements).[2]

1. In the rare case that § 2255 is "inadequate or ineffective" because some limitation of scope or procedure would prevent a § 2255 proceeding from affording a full hearing and adjudication of a claim, a federal prisoner may seek relief via 28 U.S.C. § 2241. *Cradle v. United States ex rel. Miner*, 290 F.3d 536, 538 (3d Cir.2002) (per curiam). *See also In re Dorsainvil*, 119 F.3d 245 (3d Cir.1997). This is not the case here.

2. *Kessack v. United States*, 2008 WL 189679 (W.D.Wash. Jan. 18, 2008), an unpublished decision relied upon by Massey, is not persua-

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order denying Massey's petition for a writ of audita querela.

sive. Although *Kessack* suggests that the writ of audita querela may fill a gap in § 2255 where a case such as *Booker* does not apply retroactively on collateral review, the retroactivity of the rule relied upon by a prisoner is one of § 2255's valid gatekeeping requirements. We also note that *Kessack* presented equal protection considerations not present here.