OPINION
PER CURIAM.
Frankie Thomas appeals pro se from an order of the United States District Court for the Middle District of Pennsylvania dismissing his petition for Writ of Audita Querela as an improper attempt to circumvent the prior authorization requirement for second or successive motions pursuant to 28 U.S.C. § 2255. We will summarily affirm.
In 1997, Thomas was sentenced to a total of 322 months’ imprisonment upon conviction for armed bank robbery and carrying a firearm in relation to a crime of violence. We affirmed Thomas’s convictions and sentence on appeal. See United States v. Thomas, No. 97-7387, 149 F.3d 1166 (judgment entered March 13, 1998). The District Court denied Thomas’s first motion to vacate sentence under 28 U.S.C. § 2255 and we declined to issue a certificate of appealability. See United States v. Thomas, No. 99-3050 (order entered August 12, 1999). He filed a second § 2255 motion in 2001, which the District Court denied as an unauthorized second or suc *671 cessive motion. Thomas did not file an appeal. Thomas submitted two applications under 28 U.S.C. § 2244 seeking our authorization to file a second or successive § 2255 motion, each of which was denied. In 2005, Thomas filed a § 2241 petition, which the District Court dismissed for lack of jurisdiction; this Court dismissed the appeal. In 2007, he filed a motion raising claims pursuant to 18 U.S.C. § 3582(c)(2) and 28 U.S.C. § 2255, which the District Court dismissed. We summarily affirmed the dismissal of the § 3582(c)(2) claims as frivolous and declined to issue a certificate of appealability as to the § 2255 claims based on Thomas’s failure to make a substantial showing of the denial of a constitutional right. See United States v. Thomas, No. 07-1502 (3d Cir. Jul. 17, 2007).
In 2008, Thomas challenged his sentence under the All Writs Act, 28 U.S.C. § 1651, by filing a petition for writ of audita quere-la in the District Court. He claimed that he should be re-sentenced under United States v. Booker, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), because the District Court wrongly treated the guidelines as mandatory at his sentencing. The District Court dismissed the petition, holding that the proper means of challenging his sentence was through a petition filed under § 2255. The District Court noted, however, that Thomas was required to seek our permission before he could file a second or successive § 2255 motion in the District Court. Thomas filed this timely appeal.
We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. Upon de novo review of the record and careful consideration of Thomas’s submissions on appeal, we conclude that no substantial question is presented on appeal and that summary action is warranted. See LAR 27.4 and I.O.P. 10.6.
After the District Court dismissed Thomas’s petition, we decided Massey v. United States, 581 F.3d 172 (3d Cir.2009). In Massey, the petitioner sought audita querela relief under the All Writs Act based on a Booker claim, after the District Court had denied § 2255 relief. We affirmed the District Court’s denial of the audita querela petition, holding that Massey’s sole means for raising his Booker claim was through § 2255. We emphasized that § 2255 is the means to collaterally attack a federal conviction or sentence, except in the rare instance, not present in Massey, where § 2255 is determined to be “inadequate or ineffective.” Id. at 174. Here, as in Massey, Thomas’s inability to satisfy the AEDPA’s gatekeeping requirements for filing a second or successive § 2255 motion to vacate his sentence does not render § 2255 “inadequate or ineffective,” and, thus, he may not seek audita querela relief. Massey, 581 F.3d at 174.
Accordingly, we will affirm the District Court’s order dismissing Thomas’s petition for a writ of audita querela.