In 2009, Jackson filed another habeas petition. (W.D. Pa. Civ. No. 09–cv00088.) Like the habeas petition that he had filed in Civ. No. 09–cv–00087, "claim (1)" in the petition asserted "false imprisonment due to fraud by officers of the court rendering judgment of sentence in violation of due process void." The District Court dismissed the petition as time barred. This Court denied a certificate of appealability, and denied Jackson's petition for rehearing en banc. (C.A. No. 09–1909.) Jackson then filed this mandamus proceeding.

No. 09–4553.

United States Court of Appeals, Third Circuit.

Submitted Under Rule 21, Fed. R.App. P. Jan. 29, 2010.

Filed: Feb. 16, 2010.

Hubert Jackson, Somerset, PA, pro se.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

Hubert Jackson, a Pennsylvania inmate, seeks a writ of mandamus directing the United States District Court for the Western District of Pennsylvania to "inquir[e]

into the legality of the detention of petitioner on [the] basis that ground one of the ... habeas corpus petition [docketed at W.D. Pa. Civ. No. 09–cv–00087] raises a claim that the State Court judgment of sentence is Constitutionally infirm[.]" Petition at 1. We will deny the mandamus petition.

In 1989, Jackson entered a plea of nolo contendere in Allegheny County to charges of rape, burglary, aggravated assault and terroristic threats, and was sentenced to 20 to 40 years in prison. (Case No. 1988–10278). In 1999, Jackson filed a habeas petition under 28 U.S.C. § 2254. The District Court denied the petition as time barred. (W.D.Pa.Civ. No. 99–cv–1793). Jackson filed another habeas petition in 2005, which the District Court transferred to this Court to be treated as an application under 28 U.S.C. § 2244 for leave to file a second or successive petition. This Court denied the application. (C.A. No. 05–2126.)

In 2009, Jackson filed the yet another habeas petition. (W.D. Pa. Civ. No. 09–cv–00087.) "Claim (1)" asserted "false imprisonment due to fraud by officers of the court rendering judgment of sentence in violation of due process void." The District Court dismissed the petition as time barred. This Court denied a certificate of appealability, and denied Jackson's petition for rehearing en banc. (C.A. No. 09–1926.) Jackson then filed this mandamus proceeding.

A writ of mandamus is an appropriate remedy in extraordinary circumstances only. *Kerr v. United States Dist. Ct.*, 426 U.S. 394, 403, 96 S.Ct. 2119, 48 L.Ed.2d 725 (1976). "Before a writ of mandamus may issue, a party must establish that (1) no other adequate means exist to attain the relief he desires, (2) the party's right

to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." *Hollingsworth v. Perry*, —— U.S. ——, 130 S.Ct. 705, 710, —— L.Ed.2d —— (2010) (per curiam) (quotation marks and punctuation omitted).

Because the 2009 habeas petition has been dismissed, and that matter is closed, Jackson has no right to compel a ruling on the merits of the petition. The proper means for Jackson to challenge the constitutionality of his conviction and sentence in federal court is under 28 U.S.C. § 2254. Because Jackson has had a prior ruling on the merits of a § 2254 petition, he must obtain this Court's permission to file a second or successive petition. *See* 28 U.S.C. § 2244. Mandamus, however, is not a means for evading compliance with the gatekeeping requirements that govern second or successive petitions. *Cf. United States v. Baptiste*, 223 F.3d 188, 189–90 (3d Cir.2000) (per curiam) (prisoner may not use writ of coram nobis to evade gatekeeping requirements); *Massey v. United States*, 581 F.3d 172, 174 (3d Cir.2009) (prisoner cannot seek relief through writ of audita querela on the basis of an inability to satisfy the gatekeeping requirements).

For these reasons, we will deny the petition. Jackson's motion to consolidate this proceeding with the mandamus petition docketed at C.A. No. 09–4554 is denied.[1]

---

1. Although Jackson raises essentially the same argument in the mandamus petition at C.A. No. 09–4554, his challenge in that proceeding concerns a different state court conviction and sentence. Accordingly, we address his mandamus requests separately.