**UNITED STATES of America**

v.

**Sixto LIZARDO, Appellant.**

**No. 09–4533.**

United States Court of Appeals,
Third Circuit.

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4
and I.O.P. 10.6 March 4, 2010.

Opinion filed: March 23, 2010.

Scott M. Cullen, Esq., Amy L. Kurland, Esq., Office of United States Attorney, Philadelphia, PA, for United States of America.

Sixto Lizardo, Lisbon, OH, pro se.

Before: BARRY, FISHER and STAPLETON, Circuit Judges.

OPINION

PER CURIAM.

Sixto Lizardo, a federal prisoner proceeding *pro se,* appeals an order of the United States District Court for the Eastern District of Pennsylvania dismissing his petition for a writ of audita querela. We will affirm the District Court's order.

In 2000, after a jury trial, Lizardo was convicted of one count of conspiracy and three counts of distribution of cocaine. He was sentenced to 240 months in prison. We affirmed Lizardo's conviction in 2002. *See* C.A. No. 01–2810. In 2005, Lizardo sought relief in District Court under *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), asserting that the court, rather than a jury, determined the quantity of drugs involved in his crime. The District Court denied relief and we affirmed. *See* C.A. No. 05–4505. In 2007, Lizardo filed a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). We affirmed the District Court's denial of relief. *See* C.A. No. 07–4795.

Lizardo then filed a petition for a writ of audita querela in District Court. Lizardo again asserted that his sentence was improperly imposed based on a drug amount determined by the court, not the jury. Lizardo stated that he is time-barred from

filing a motion pursuant to 28 U.S.C. § 2255 and that a writ of audita querela is his only available avenue of relief. Noting our decision in *Massey v. United States,* 581 F.3d 172 (3d Cir.2009) (per curiam), the District Court dismissed the petition. This appeal followed.

In *Massey,* a federal prisoner filed a petition for a writ of audita querela seeking to challenge his sentence under *Booker.* The prisoner argued that the sentencing court might have imposed a shorter sentence if the court had not viewed the sentencing guidelines as mandatory. We held that the prisoner could not seek relief through a petition for a writ of audita querela because his claim was cognizable under § 2255. *Massey,* 581 F.3d at 174. We explained that the prisoner could not resort to a writ of audita querela based on his inability to satisfy the requirements for filing a § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *Id.* The same is true here. Lizardo's claim is cognizable under § 2255. Lizardo may not seek relief through a petition for a writ of audita querela based on his inability to satisfy AEDPA's gatekeeping requirements.

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order.