CLD-211                                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1843
_____

UNITED STATES OF AMERICA

v.

JULIO OTERO,
                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(M.D. Pa. Crim. No. 96-cr-00005)
District Judge:  Honorable Sylvia Rambo

_____

Submitted for Possible Summary Action Pursuant
to Third Circuit LAR 27.4 and I.O.P. 10.6
June 4, 2010

Before:  BARRY, FISHER and GREENAWAY, <u>Circuit</u> <u>Judges</u>.

(Filed: June 25, 2010)

_____

OPINION
_____

PER CURIAM

Julio Otero, a federal prisoner proceeding pro se, appeals an order of the United States District Court for the Middle District of Pennsylvania denying his petition for a writ of audita querela. We will affirm.

Otero pleaded guilty to engaging in a continuing criminal enterprise in violation of 21 U.S.C. § 848. He received a life sentence. Otero did not appeal the judgment of conviction and sentence, which was entered in 1998. In 2001, more than three years after the conviction became final, Otero filed a motion to vacate sentence pursuant to 28 U.S.C. § 2255, claiming, among other things, ineffective assistance of counsel. The District Court held an evidentiary hearing but did not grant Otero's request for counsel. The District Court denied the motion to vacate sentence on the merits.

We reversed the District Court's dismissal of Otero's ineffective assistance counsel claim because, if indigent, Otero was entitled to representation by counsel at his evidentiary hearing. United States v. Bendolph, 409 F.3d 155, 160 (3d Cir. 2005) (en banc). We further decided that the District Court could consider sua sponte on remand whether Otero's § 2255 motion was time-barred. On remand, the District Court appointed Otero counsel and held a hearing to address the timeliness of his § 2255 motion. The District Court granted the Government's motion to dismiss the § 2255 motion as untimely and, in 2007, we affirmed. See C.A. No. 05-5505.

Earlier this year, Otero filed a petition for a writ of audita querela challenging his conviction and sentence. Otero claimed that the District Court erroneously accepted his guilty plea and determined his sentence. He also claimed that his counsel failed to object to sentencing factors and file a direct appeal. Relying on our decision in Massey v. United States, 581 F.3d 172 (3d Cir. 2009) (per curiam), the District Court denied the petition. This appeal followed.

In Massey, a federal prisoner filed a petition for a writ of audita querela seeking to challenge his sentence under United States v. Booker, 543 U.S. 220 (2005). We held that the prisoner could not seek relief through a petition for a writ of audita querela because his claim was cognizable under § 2255. Massey, 581 F.3d at 174. We explained that the prisoner could not resort to a writ of audita querela based on his inability to satisfy the requirements for filing a § 2255 motion under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Id. The same is true here. Otero's claims are cognizable under § 2255. Otero may not seek relief through a petition for a writ of audita querela based on his inability to satisfy AEDPA's gatekeeping requirements.

Because this appeal does not raise a substantial question, we will summarily affirm the District Court's order.