HLD-147 (June 2010)                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1998
_____

UNITED STATES OF AMERICA

v.

JUAN DUINA,
                                    Appellant

_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Crim. No. 98-cr-00276-001)
District Judge:  Honorable Sylvia H. Rambo

_____

Submitted for Possible Summary Action Pursuant to Third Circuit
LAR 27.4 and I.O.P. 10.6
June 30, 2010
Before:  MCKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges
Opinion filed: July 26, 2010
_____

OPINION
_____

PER CURIAM.

        Juan Duina appeals from the District Court's order denying his petition for

a writ of audita querela.  For the reasons below, we will summarily affirm the District

Court's order.

        In July 2000, Duina was convicted of drug trafficking and money

laundering. He was subsequently sentenced to 360 months in prison. His conviction and sentence were affirmed on appeal. Duina filed an unsuccessful § 2255 motion as well as an unsuccessful application to file a second or successive § 2255 motion. In September 2009, Duina filed a petition for a writ of audita querela. He requested that he be resentenced based on the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). After the government filed a response, the District Court denied the petition. Duina's reply was received a few days later. Duina subsequently filed a motion pursuant to Fed. R. Civ. P. 60(b) seeking to reopen the case on the grounds that he had not received the District Court's order. The District Court granted the motion and noted that its previous order was premature as it had not considered Duina's reply. The District Court considered the reply and denied the petition. Duina filed a timely notice of appeal.

We have held that a defendant may not seek relief via a writ of audita querela if his claim is cognizable under 28 U.S.C. § 2255. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Duina's claim is cognizable under § 2255. That Duina is unable to meet the gate-keeping requirements of the Antiterrorism and Effective Death Penalty Act of 1996 does not entitle him to proceed via audita querela. Id.

2

Summary action is appropriate if there is no substantial question presented in the appeal. See Third Circuit LAR 27.4. For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order. See Third Circuit I.O.P. 10.6.