HLD-155 (June 2010)                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-1988
_____

UNITED STATES OF AMERICA

v.

THOMAS D. PRICE,
                                        Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 2:94-cr-00221-004)
District Judge:  Honorable Joy Flowers Conti

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
June 30, 2010
Before:  McKEE, Chief Judge, SCIRICA and WEIS, Circuit Judges

(Opinion filed: July 27, 2010)

_____

OPINION
_____

PER CURIAM.

        Thomas Price, a federal prisoner proceeding pro se, appeals from the

1

District Court's order denying his petition for a writ of audita querela. Because the appeal does not present a substantial question, we will summarily affirm.

**I.**

In 1995, a federal jury found Price guilty of armed bank robbery and using a firearm during and in relation to that crime. The District Court determined that Price qualified as a career offender under the United States Sentencing Guidelines and sentenced him to 322 months' imprisonment. We affirmed the District Court's judgment on direct appeal. See United States v. Price, 76 F.3d 526 (3d Cir. 1996).

In 2005, Price filed two motions challenging his conviction and sentence. The District Court, construing those filings as, inter alia, a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, denied the motion as untimely.[1] Price did not appeal that decision.

In November 2008, Price moved the District Court to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2) and § 4B1.1 of the Guidelines. In June 2009, the District Court denied that motion on the merits. A few weeks later, he filed a petition for a writ of audita querela in the District Court. He claimed that the court had erred in finding that he was a career offender, and argued that he "is entitled to relief from the sentence imposed under the series of sentencing cases culminating in the Supreme Court's decision in [United States v. Booker, 543 U.S. 220 (2005)]." On March 25, 2010,

---

[1] The court determined that Price's claims also failed on the merits.

the court denied the petition, concluding that Price "is not entitled to post-conviction relief by way of a writ of audita querela." (Dist. Ct. Mem. Order at 4.) Price now seeks review of the court's March 25, 2010 order.[2]

**II**.

This case is controlled by our decision in Massey v. United States, 581 F.3d 172 (3d Cir. 2009) (per curiam). In Massey, a federal prisoner filed a petition for a writ of audita querela seeking to collaterally attack his sentence under Booker. See id. at 173-74. In affirming the district court's decision denying the petition, we explained that a § 2255 motion "is the means to collaterally challenge a federal conviction or sentence," and that "Massey may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255." Id. at 174.

Price's case mirrors Massey, for he sought to raise collateral challenges to his sentence that are cognizable under § 2255. The proper vehicle to raise those claims, therefore, was a § 2255 motion, not a petition for a writ of audita querela. That Price had previously filed a § 2255 motion – and therefore was barred from filing a second or successive § 2255 motion without our permission, see 28 U.S.C. §§ 2255(h) and 2244(b)(3)(A) – does not change matters. See Massey, 581 F.3d at 174. Accordingly, the District Court did not err in denying Price's petition for a writ of audita querela.

---

[2] We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291.

3

Because this appeal does not present a substantial question, we will summarily affirm the District Court's judgment.  <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6.