**DLD-088**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4609
_____

IN RE:  DION MUTH,

                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Crim. No. 06-cr-00170-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 13, 2011

Before:  BARRY, FISHER and STAPLETON, Circuit Judges

(Opinion filed: January 20, 2011)
_____

OPINION
_____

PER CURIAM

        Dion Muth, proceeding pro se and in forma pauperis, petitions for a writ of

mandamus.  For the reasons that follow, we will deny the petition.

        In 2006, Muth pleaded guilty to charges of possession with intent to distribute

crack cocaine and powder cocaine, in violation of 21 U.S.C. § 841(a)(1).  The United

States District Court for the Middle District of Pennsylvania applied an offense level of

32 under the Career Offender enhancement, U.S.S.G. § 4B1.1(b), and sentenced him to

150 months' imprisonment. Subsequently, Muth moved for a sentence reduction under 18 U.S.C. § 3582(c)(2) based on the retroactive amendment to the sentencing guidelines concerning crack cocaine. U.S.S.G. App. C. Amend. 706 (Nov. 1, 2007). The district court found that the amendment did not apply to Muth because his sentence was based on the Career Offender enhancement and not on his crack cocaine conviction. Muth appealed from the district court's denial of his § 3582 motion. We affirmed the district court's order. (C.A. No. 09-2286.)

Muth has filed the present petition for a writ of mandamus asserting that our decision in *United States v. Johnson*, 587 F.3d 203 (3d Cir. 2009), constitutes an intervening change in the law, requiring the district court to hold an evidentiary hearing and to resentence him. He claims that he should not be classified as a career offender because his state conviction for simple assault was not a "crime of violence" under the sentencing guidelines.

The writ of mandamus traditionally has been used "to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *In re Patenaude*, 210 F.3d 135, 140 (3d Cir. 2000) (internal citations omitted). It is an appropriate remedy that is granted only in "extraordinary circumstances." *In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir. 2005). To obtain a writ of mandamus, the petitioner must establish that he has "no other adequate means to attain . . . relief," and that he has a "clear and indisputable" right to issuance of the writ. *Id.* at 378-79. Muth has not established an "indisputable" right to

2

the relief he requests, and we will thus deny the petition.

We note that, if Muth is attempting to appeal from his sentence, a petition for mandamus "must not be used" for this purpose. *Madden v. Myers*, 102 F.3d 74, 77 (3d Cir. 1996) (internal citation omitted). Further, to the extent Muth claims that he is serving an illegal sentence based on the sentencing court's alleged error, such a challenge is properly raised in the first instance in the district court, *see, e.g.*, 28 U.S.C. § 2255, not through a petition for writ of mandamus.[1]

Accordingly, we will deny Muth's petition.

---

[1] We also reject Muth's request for a writ of audita querela, a remedy that is available only in the rarest of circumstances. We note that a petitioner may not seek such relief if he or she has a claim cognizable under 28 U.S.C. § 2255. *See Massey v. United States*, 581 F.3d 172, 174 (3d Cir. 2009).