**HLD-053 (December 2010)**                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-3340
_____

UNITED STATES OF AMERICA

v.

ERIC L. MYRIECKES, SR.,
Appellant

_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 00-cr-00014-003)
District Judge:  Honorable Kim R. Gibson

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
December 29, 2010
Before:  MCKEE, Chief Judge, ALDISERT and WEIS, Circuit Judges
Opinion filed  January 27, 2011
_____

OPINION
_____

PER CURIAM.

Eric L. Myrieckes, a federal prisoner, appeals from the order of the United

States District Court for the Western District of Pennsylvania denying his petition for a

writ of *audita querela*.  We will affirm the District Court's order.

1

In 2000, Myrieckes pleaded guilty to one count of conspiracy to distribute cocaine base in violation of 21 U.S.C. § 846. He was sentenced to 188 months of imprisonment. We affirmed Myrieckes' conviction in 2002. See C.A. No. 01-3518. In 2005, Myrieckes sought relief in District Court under United States v. Booker, 543 U.S. 220 (2005). The District Court, with notice to Myrieckes, re-characterized the filing as a motion under 28 U.S.C. § 2255 to vacate his sentence and denied relief. A few months later, Myrieckes filed a post-judgment motion, which the District Court also denied. Myrieckes appealed from the order denying his post-judgment motion, and we denied his request for a certificate of appealability. See C.A. No. 05-5036. Myrieckes returned to the District Court and filed additional motions for relief concerning his conviction and sentence. The District Court dismissed the motions, concluding that they constituted successive section 2255 motions to vacate his sentence that were filed without the statutorily-required authorization from this Court. In 2007, we denied Myrieckes' request for a certificate of appealability. See C.A. No. 07-2312.[1]

In July 2010, Myrieckes filed a petition for a writ of *audita querela* in District Court, again asserting that he was entitled to relief under Booker. He alleged that, in light of Booker, his sentencing under the then-mandatory federal sentencing guidelines scheme constitutes error. Myrieckes asserted that a writ of *audita querela* is

---

[1] Myrieckes then returned to District Court to pursue a motion for reduction of sentence under 18 U.S.C. § 3582(c)(2) based on a retroactive amendment to the federal sentencing guidelines. The District Court denied the motion, and we affirmed. See C.A. No. 09-1282.

2

his only available avenue of relief because of the statutory limitations on his ability to file another section 2255 motion.[2] The District Court denied Myrieckes' petition, noting our decision in <u>Massey v. United States</u>, 581 F.3d 172 (3d Cir. 2009) (per curiam). This appeal followed.

In <u>Massey</u>, a federal prisoner filed a petition for a writ of *audita querela* seeking to challenge his sentence under <u>Booker</u>. The prisoner contended that he might have received a shorter sentence if the sentencing court had not viewed the sentencing guidelines as mandatory. We held that the prisoner could not seek relief through a petition for a writ of *audita querela* because section 2255 was the appropriate remedy to pursue his claim. <u>See</u> <u>Massey</u>, 581 F.3d at 174. We explained that the prisoner could not resort to a writ of *audita querela* based on his inability to satisfy the statutory requirements for filing a section 2255 motion. <u>See id.</u> The same is true here. We agree with the District Court's conclusion that the writ of *audita querela* is unavailable in Myrieckes' situation.

Accordingly, because this appeal does not present a substantial question, we will affirm the District Court's order. <u>See</u> 3d Cir. LAR 27.4.

---

[2] *audita querela.* A writ granted by the courts of common law in favor of one against whom execution had issued or was about to issue upon a judgment which it would be contrary to justice to enforce, either because of matters arising subsequent to the rendition thereof, or because of prior existing defenses which were not available to the judgment debtor in the original suit, by reason of the judgment creditor's fraudulent conduct, or through circumstances over which the judgment debtor had no control. Ballentine Law Dictionary with Pronunciations (1930).