NO. 07-11-00295-CR

 

IN THE COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL E

 



JULY
26, 2011

 



 

IN RE: JASON MIEARS



 



 

Before CAMPBELL
and PIRTLE, JJ. and BOYD, S.J.[1]

 

 

MEMORANDUM OPINION

 

            Pending
before the Court are a motion to stay proceedings and
a petition for “writ of audita querela”
filed as an original proceeding on July 14, 2011, by Jason Miears.  Miears, who is
acting pro se, asks us to stay all
“appellate proceedings” in four criminal cases which, according to his
pleadings, are pending against him in the 397th District Court of Bexar
County.  In the body of his petition, Miears asks for an “order by estoppel”
enjoining the Fourth Court of Appeals “from deciding” the four cases.  Also by the petition, Miears
asks us to assume appellate jurisdiction “as if [he] had been convicted in the
City of Amarillo,” and then to review a plea agreement.

            At
the outset, we note that no record accompanies Miears’
petition, and in other respects it falls considerably short of meeting the
requirements of a petition in an original proceeding.  Tex. R. App. P. 52.3.  More fundamentally, however, his petition
demonstrates no basis for this court’s jurisdiction to grant the relief he
requests.  Tex. R. App. P. 52.7.  Miears has not
supplied, nor do we find, any authority for the recognition of the writ of audita querela in
Texas practice or its availability in a court of appeals.[2]  Even more importantly, however, Bexar County
is not located within the Seventh Court of Appeals District.  Tex. Gov’t Code
Ann. § 22.201(e),(h) (West Supp. 2010).  This court’s appellate jurisdiction has not
been invoked with regard to any of the criminal cases mentioned in Miears’ pleadings.[3]  We see no reason to believe we have authority
to interfere with the judicial action of a Bexar
County district court as Miears’ requests, nor that
of our sister appellate court.  Tex. Gov’t Code Ann. § 22.221(a) (writ
power to enforce court’s jurisdiction), (b) (mandamus against certain judges of
court of appeals’ district) (West 2004). 

Accordingly, we dismiss for want of
jurisdiction Miears’ motion for stay, his petition
for writ of audita querela, and,
to the extent intended as a separate motion, his request for an order by estoppel.  If, in his
pleadings now before us, Miears has requested any
additional relief, that request also is dismissed for want of
jurisdiction.  

                                                                                                James
T. Campbell

                                                                                                            Justice

Do not
publish.











[1] 
John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by
assignment.  





[2] “The common law writ of audita querela permitted a defendant to obtain
relief against a judgment or execution because of some defense or discharge
arising subsequent to the rendition of the judgment.”  Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam).  In
light of the Federal All Writs Act, 28 U.S.C. § 1651, the writ of audita querela is
said to have availability in federal criminal cases “to the extent that it
fills gaps in the current system of post-conviction relief.”  Id.  





[3] Nor, for that matter, is Miears a party to any other proceeding pending in this
court.