NO. 07-11-00295-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL E

JULY 26, 2011

IN RE: JASON MIEARS

Before CAMPBELL and PIRTLE, JJ. and BOYD, S.J.[1]

**MEMORANDUM OPINION**

Pending before the Court are a motion to stay proceedings and a petition for "writ of *audita querela*" filed as an original proceeding on July 14, 2011, by Jason Miears. Miears, who is acting *pro se*, asks us to stay all "appellate proceedings" in four criminal cases which, according to his pleadings, are pending against him in the 397th District Court of Bexar County. In the body of his petition, Miears asks for an "order by estoppel" enjoining the Fourth Court of Appeals "from deciding" the four cases. Also by the petition, Miears asks us to assume appellate jurisdiction "as if [he] had been convicted in the City of Amarillo," and then to review a plea agreement.

At the outset, we note that no record accompanies Miears' petition, and in other respects it falls considerably short of meeting the requirements of a petition in an original proceeding. Tex. R. App. P. 52.3. More fundamentally, however, his petition

---

[1] John T. Boyd, Chief Justice (Ret.), Seventh Court of Appeals, sitting by assignment.

demonstrates no basis for this court's jurisdiction to grant the relief he requests. Tex. R. App. P. 52.7. Miears has not supplied, nor do we find, any authority for the recognition of the writ of *audita querela* in Texas practice or its availability in a court of appeals.[2] Even more importantly, however, Bexar County is not located within the Seventh Court of Appeals District. Tex. Gov't Code Ann. § 22.201(e),(h) (West Supp. 2010). This court's appellate jurisdiction has not been invoked with regard to any of the criminal cases mentioned in Miears' pleadings.[3] We see no reason to believe we have authority to interfere with the judicial action of a Bexar County district court as Miears' requests, nor that of our sister appellate court. Tex. Gov't Code Ann. § 22.221(a) (writ power to enforce court's jurisdiction), (b) (mandamus against certain judges of court of appeals' district) (West 2004).

Accordingly, we dismiss for want of jurisdiction Miears' motion for stay, his petition for writ of *audita querela,* and, to the extent intended as a separate motion, his request for an order by estoppel. If, in his pleadings now before us, Miears has requested any additional relief, that request also is dismissed for want of jurisdiction.

James T. Campbell
Justice

Do not publish.

---

[2] "The common law writ of *audita querela* permitted a defendant to obtain relief against a judgment or execution because of some defense or discharge arising subsequent to the rendition of the judgment." *Massey v. United States,* 581 F.3d 172, 174 (3d Cir. 2009) (per curiam). In light of the Federal All Writs Act, 28 U.S.C. § 1651, the writ of *audita querela* is said to have availability in federal criminal cases "to the extent that it fills gaps in the current system of post-conviction relief." *Id.*

[3] Nor, for that matter, is Miears a party to any other proceeding pending in this court.