DLD-112                                                        NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 11-4329
_____

UNITED STATES OF AMERICA

v.

EFRAIM FONTANEZ
a/k/a Chino
a/k/a Indio

EFRAIM FONTANEZ,
                                        Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 2-89-cr-00037-001)
District Judge:  Honorable Robert F. Kelly

_____

Submitted for Possible Summary Action Pursuant to
Third Circuit LAR 27.4 and I.O.P. 10.6
February 9, 2012

Before:  AMBRO, JORDAN & VANASKIE, Circuit Judges

(Opinion filed: February 23, 2012)
_____

OPINION
_____

PER CURIAM

Efraim Fontanez appeals *pro se* from an order dismissing his petition for a writ for

audita querela. Because no substantial question is presented by this appeal, we will summarily affirm the order of the District Court.

Fontanez was convicted in 1989 for numerous drug charges arising out of the activities of the "Fontanez Cocaine Organization," including conspiracy to distribute cocaine; conducting a continuing criminal enterprise ("CCE"), 21 U.S.C. § 848; unlawful use of a telephone; distribution of cocaine; and distribution of cocaine at or near a school. His judgment and life sentence were affirmed by this Court in 1990. Appeal of Fontanez, 919 F.2d 134 (Table) (3d Cir. 1990), *cert. denied*, 500 U.S. 936 (1991). In January 1996, Fontanez filed a motion for a writ of habeas corpus pursuant to 28 U.S.C. § 2255; it was denied on its merits and no certificate of appealability issued. United States v. Fontanez, C.A. No. 96-2038 (3d Cir. 1997). In 1999, Fontanez filed another § 2255 motion claiming that his CCE conviction must be vacated in light of Richardson v. United States, 526 U.S. 813 (1999) (holding a jury must be instructed to unanimously agree as to the specific "violations" that support a CCE offense). In a separate action filed in November 2000, Fontanez sought permission to file a second or successive § 2255 motion raising the same claim. The motion was dismissed, and permission to file was denied. United States v. Fontanez, C.A. No. 00-1663 (3d Cir. 2000) (denying Fontanez's request for a certificate of appealability); In re: Efraim Fontanez, C.A. No. 00-3503 (3d Cir. 2000).

In May 2011, Fontanez filed the instant petition for a writ of audita querela under 28 U.S.C. § 1651. He claimed that the District Court improperly imposed a mandatory

2

life sentence and, once again, that his CCE conviction should be vacated in light of Richardson. The District Court denied the motion, finding that such a challenge must be brought in a § 2255 motion. Fontanez appeals.

We have jurisdiction under 28 U.S.C. § 1291. The writ of audita querela is available as residual post-conviction relief "to the extent that it fills in gaps in the current system of post-conviction relief." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Thus, relief via a petition for a writ of audita querela is not available where a specific statute addresses the issue at hand. Id. "[T]he means to collaterally challenge a federal conviction or sentence" is through a motion pursuant to 28 U.S.C. § 2255, not a petition for a writ of audita querela. Id. The restrictions in § 2255 on filing successive habeas motions do not create a gap which may be filled by the writ of audita querela. Accordingly, the District Court did not err in denying Fontanez's petition.

As this appeal presents no substantial question, we will summarily affirm the District Court's order.