**ALD-137**                                                    **NOT PRECEDENTIAL**

**UNITED STATES COURT OF APPEALS**
**FOR THE THIRD CIRCUIT**
_____

No. 12-1491
_____

IN RE: ISAN CONTANT,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus
_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 22, 2012

Before: SLOVITER, FISHER and WEIS <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 30. 2012 )
_____

OPINION
_____

PER CURIAM.

Isan Contant has filed a petition for a writ of mandamus pursuant to 28 U.S.C.

§ 1361 "and/or the relevant law." Contant was removed from the United States to

Trinidad and Tobago. He argues that he was removed in violation of an automatic stay of

removal, and he asks that we order the United States Bureau of Immigration Customs and

Enforcement to return him to the United States. We lack jurisdiction to consider his

petition, and will thus dismiss it.

1

Section 1361 provides that "[t]he *district courts* shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361 (emphasis added). "That provision does not confer original jurisdiction on this court; it is well settled that even where Congress has not expressly stated that statutory jurisdiction is exclusive . . . , a statute which vests jurisdiction in a particular court cuts off original jurisdiction in other courts in all cases covered by that statute." In re Tennant, 359 F.3d 523, 529 n.4 (D.C. Cir. 2004) (internal quotation and citation omitted).

We have also considered whether we might use our power to issue an extraordinary writ under the All Writs Act, 28 U.S.C. § 1651(a), but we "are chary in exercising that power." Alexander v Primerica Holdings, Inc., 10 F.3d 155, 163 (3d Cir. 1993). Contant requests that we order an officer or employee of the United States to return him to the United States. Such an act is not "necessary or appropriate in aid of" our jurisdiction. 28 U.S.C. § 1651(a). Indeed, we already have the ability to review his removal in the context of his timely-filed petition for review. See C.A. No. 12-1479. Further, where, as here, "a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (internal quotation omitted). We will therefore dismiss the petition.[1]

---

[1] Contant's motion for appointment of counsel is denied.