BLD-141                                                      NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1210
_____

UNITED STATES OF AMERICA

v.

WILSON A. GARCIA,
Appellant

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Crim. No. 04-cr-00662-002)
District Judge:  Honorable Harvey Bartle III

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
March 15, 2012
Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  April 13, 2012)
_____

OPINION
_____

PER CURIAM

       Wilson Garcia appeals the District Court's order dismissing his petition for a writ

of audita querela.  For the reasons below, we will summarily affirm the District Court's

order.

In 2005, Garcia was convicted of distribution of cocaine and distribution of cocaine near a school in violation of 21 U.S.C. §§ 841(a)(1) and 860. Because Garcia had a prior drug conviction, he faced a maximum sentence of life in prison and a mandatory minimum of 120 months in prison. Garcia was subsequently sentenced to 120 months in prison. We affirmed his conviction and sentence on appeal. Garcia then filed an unsuccessful motion pursuant to 28 U.S.C. § 2255. This Court denied Garcia's request for a certificate of appealability.

In December 2011, Garcia filed a petition for a writ of audita querela. He argued that the Supreme Court's decision in Carachuri-Rosendo v. Holder, 130 S. Ct. 2577 (2010), undermines the use of his prior conviction to enhance his sentence. The District Court dismissed the petition without prejudice to Garcia requesting permission to file a second or successive motion pursuant to 28 U.S.C. § 2255. Garcia filed a notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. The writ of audita querela is available as residual post-conviction relief "to the extent that it fills in gaps in the current system of post-conviction relief." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009). Thus, relief via a petition for a writ of audita querela is not available where a specific statute addresses the issue at hand. Id. A motion pursuant to 28 U.S.C. § 2255 is the proper vehicle for collaterally challenging a federal conviction or sentence. Id. The restrictions in § 2255 on filing successive habeas motions do not create a gap which may be filled by the writ of audita querela. Accordingly, the District Court did not err in dismissing Garcia's petition.

Summary action is appropriate if there is no substantial question presented in the appeal.  See Third Circuit LAR 27.4.  For the above reasons, as well as those set forth by the District Court, we will summarily affirm the District Court's order.  See Third Circuit I.O.P. 10.6.