BLD-296                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-2348
_____

UNITED STATES OF AMERICA


v.


DAVID CORREA,
Appellant


_____


On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Crim. No. 89-cr-00163)
District Judge: Arthur J. Schwab

_____


Submitted on a Motion for a Certificate of Appealability and for
Possible Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
September 27, 2012

Before:  SCIRICA, SMITH and CHAGARES, Circuit Judges

(Opinion filed:  October 9, 2012)


_____

OPINION
_____

PER CURIAM

Appellant David Correa, a federal prisoner, appeals from an order of the District Court denying his petition for writ of audita querela. For the reasons that follow, we will summarily affirm.

Correa was convicted following a jury trial of distribution of controlled substances, unlawful possession of hand grenades and other related federal offenses. He was sentenced on May 29, 1992 in the United States District Court for the Western District of Pennsylvania to a term of life imprisonment and other concurrent sentences. We affirmed the judgment of conviction and sentence on July 12, 1993, see United States v. Correa, 5 F.3d 1491 (3d Cir. 1993) (table), and the U.S. Supreme Court thereafter denied his petition for writ of certiorari. On July 24, 1997, Correa filed a motion to vacate sentence, 28 U.S.C. § 2255, raising numerous grounds for relief. The District Court denied the section 2255 motion on the merits, and we denied Correa's request for a certificate of appealability on August 13, 1999 in an appeal docketed at C.A. No. 98-3271.

Since that date, Correa has filed unsuccessful applications for leave to file a second or successive section 2255 motion, a petition for writ of error coram nobis, and motions for a reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2). We most recently denied another application to file a second or successive section 2255 motion in In re: Correa, C.A. No. 11-2216.

At issue in the instant appeal, Correa filed a petition for writ of audita querela under the All Writs Act, 28 U.S.C. § 1651, in the sentencing court on March 29, 2012. Correa argued that he should be afforded a new sentencing hearing under United States v. Booker, 543 U.S. 220 (2005). In an order entered on April 17, 2012, the petition was denied by the United States District Judge now assigned to Correa's case. The court reasoned that our decision in Massey v. United States, 581 F.3d 172 (3d Cir. 2009), barred consideration of Correa's petition, and, even if it did not, he could not prevail because Booker does not apply retroactively to cases on collateral review, see Lloyd v. United States, 407 F.3d 608 (3d Cir. 2005); United States v. Swinton, 333 F.3d 481 (3d Cir. 2003). Correa's motion for reconsideration was denied by the District Court in an order entered on April 30, 2012.

Correa appeals, and we note that his Notice of Appeal includes an application for a certificate of appealability, which we will consider. We have jurisdiction under 28 U.S.C. § 1291. Correa argues that our decision in Massey does not preclude consideration of the issue of whether Booker is retroactive to cases on collateral review, and does not prevent consideration of equal protection challenge to a disparity in sentences. Correa asserts that his sentence was 80 years greater than that of his codefendants, and that a claim of such disparity is cognizable in a petition for writ of audita querela.

After the appeal was docketed, our Clerk advised the parties that we might act summarily to dispose of the appeal under Third Cir. LAR 27.4 and I.O.P. 10.6. Correa then submitted a summary action response, reiterating the Booker issue argued in his

3

application for a certificate of appealability. Under Third Circuit LAR 27.4 and I.O.P. 10.6, we may summarily dispose of an appeal when it clearly appears that no substantial question is presented by the appeal.

In Massey, a federal prisoner, who could not satisfy the gatekeeping requirements for filing a second or successive section 2255 motion, challenged his lengthy drug trafficking sentence under the All Writs Act. Noting that the writ of audita querela "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief," id. at 174, we held that motion to vacate sentence pursuant to 28 U.S.C. § 2255 is a satisfactory means for collaterally challenging a federal conviction or sentence. A petitioner may not seek relief through a petition for a writ of audita querela on the basis of his inability to satisfy the requirements, see 28 U.S.C. § 2255(h), for filing a second or successive motion to vacate sentence.

Accordingly, as explained by the District Court, Massey bars consideration of Correa's petition for audita querela. His claims that his sentence is unconstitutional and disproportionately high are of the type that can be raised on direct appeal. There are no gaps in the current system of post-conviction relief with respect to these claims. Moreover, Booker, which held that the mandatory federal sentencing Guidelines deprived federal defendants of their Sixth Amendment right to a jury trial, is not retroactive to cases on collateral review, Lloyd, 407 F.3d at 616. The student-written comment on which Correa relies, see Nicholas J. Eichenseer, Comment, *Reasonable Doubt in the Rear-View Mirror: The Case for Blakely-Booker Retroactivity in the Federal System*, 2005 Wis. L. Rev. 1137 (2005), argues only that Booker *should* be retroactive to cases on

4

collateral review (because the retroactivity question should focus on a prisoner's due process rights), not that it is.

For the foregoing reasons, we will summarily affirm the order of the District Court denying Correa's petition for writ of audita querela, and deny his application for a certificate of appealability.