**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 19-1239, 19-1240, 19-1241
_____

IN RE:  MICHAEL CURTIS REYNOLDS,
                                                           Petitioner

_____

On Petitions for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to 3-18-cv-01093 and 3-05-cr-00493)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
March 21, 2019
Before:  CHAGARES, RESTREPO, and SCIRICA, Circuit Judges

(Opinion filed: April 10, 2019)
_____

OPINION[*]
_____

PER CURIAM

    Michael Curtis Reynolds, proceeding pro se, has filed three petitions for writs of

mandamus.  For the reasons that follow, we will deny mandamus relief.

    In 2007, Reynolds was convicted in the United States District Court for the Middle

District of Pennsylvania of multiple terrorism-related crimes.  He was sentenced to 360

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

months in prison. We affirmed the judgment on direct appeal. Reynolds filed a motion under 28 U.S.C. § 2255. The District Court denied relief and we denied Reynolds' request for a certificate of appealability. Last year, we granted Reynolds leave to file a second or successive § 2255 motion raising a claim under Johnson v. United States, 135 S. Ct. 2551 (2015), and those proceedings are pending in District Court.

Reynolds now seeks mandamus relief pursuant to 28 U.S.C. § 1361, which authorizes district courts to compel a United States officer or employee to perform a duty owed to a plaintiff. In the petition filed in C.A. No. 19-1239, Reynolds alleges that two Assistant United States Attorneys have withheld exculpatory evidence showing that evidence in his criminal case was planted and fabricated. He states that the District Court has not compelled the production of this evidence and asks us to do so. As noted above, § 1361 gives *district courts* original jurisdiction to entertain a petition to compel a United States employee to perform a duty. We will thus deny Reynolds' petition to the extent he seeks an order compelling the Assistant United States Attorneys to produce evidence.

Reynolds has also filed two mandamus petitions pursuant to § 1361 in C.A. Nos. 19-1240 and 19-1241. These petitions, and possibly the petition filed in C.A. No. 19-1239, can be construed as asking us to order the District Judge presiding over Reynolds' second § 2255 proceeding to compel the Assistant United States Attorneys to produce the alleged exculpatory evidence. Even if we were to consider these petitions as seeking mandamus relief pursuant to our authority to issue writs under 28 U.S.C. § 1651(a), no relief is due.

"Traditionally, the writ of mandamus has been used 'to confine an inferior court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so.'" In re Chambers Dev. Co., Inc., 148 F.3d 214, 223 (3d Cir. 1998) (citations omitted). "The writ is a drastic remedy that 'is seldom issued and its use is discouraged.'" Id. A petitioner must show that he has no other adequate means to attain the desired relief and that his right to the writ is clear and indisputable. Id.

The docket for Reynolds' criminal case reflects that he has filed a host of pro se motions and documents since we granted him leave to file a second or successive § 2255 motion. These filings, some of which ask the District Court to compel the United States Attorneys to produce the alleged exculpatory evidence, are pending. To the extent Reynolds' motions are within the scope of his second § 2255 proceeding (as he appears to contend), he has an adequate means to attain his desired relief in District Court. To the extent Reynolds' motions are beyond the scope of that proceeding, he has not shown a right to the issuance of a writ. A claim that exculpatory evidence was withheld in his criminal case is cognizable under § 2255, and a mandamus petition may not be used in lieu of satisfying the standard for pursuing a claim in a successive § 2255 motion. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam).

To the extent Reynolds complains that the District Court has yet to address his pro se motions, some of which have been pending since November of 2018, mandamus relief is not warranted. Reynolds' authorized second or successive § 2255 motion was filed in District Court on October 10, 2018, and the District Court's Standing Order providing for the appointment of the Federal Public Defender in Johnson-related cases was filed shortly

3

thereafter. Reynolds has attached to a recent District Court filing a copy of a letter from an Assistant Federal Public Defender reflecting that his case is being reviewed. There has not at this point been an undue delay tantamount to a failure to exercise jurisdiction in his case. See Madden v. Myers, 102 F.3d 74, 79 (3d Cir. 1996) (delay of eight months did not warrant mandamus relief).

Reynolds has also filed three motions related to his mandamus petitions. In these motions, filed on January 30, 2019 and February 11, 2019, Reynolds moves for an order compelling the District Court to expedite his § 2255 proceeding and hold a hearing, issue a briefing schedule, or enter a default judgment. He also again seeks an order directing the District Court to order the production of the alleged exculpatory evidence or directing the Assistant United States Attorneys to produce that evidence. We deny these motions for the reasons stated above.

Finally, we note that Reynolds puts in the captions of his filings the District Court docket number 18-cv-01093. The District Court dismissed Reynolds' complaint in that action, which also challenged his conviction. The District Court dismissed motions that Reynolds later filed as moot to the extent they sought relief in his closed action, but ordered that they be re-filed in his pending second § 2255 proceeding. Motions he filed shortly thereafter were also re-filed. Reynolds recently filed more motions in his closed case, which were dismissed as moot. Reynolds' present mandamus petitions do not seek relief regarding the handling of these motions, but he has filed a document titled "New Evidence in Support of Mandamus Motion" in which he asserts that the recent filings in his closed case should also have been filed in his pending § 2255 proceeding. Reynolds

4

has not shown that mandamus relief is warranted. He can seek relief in District Court or re-file his dismissed motions captioned only with the case number for his pending § 2255 proceeding.

For the foregoing reasons, we will deny the mandamus petitions.