DLD-030                                                                NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 22-2994
_____

IN RE:  BRIAN A. PERRI,
                                                    Petitioner

_____

On a Petition for Writ of Audita Querela from the
United States District Court for the Eastern District of Pennsylvania
(Related to Crim. No. 2:15-cr-00486-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
November17, 2022
Before:  JORDAN, SHWARTZ, and SCIRICA, Circuit Judges

(Opinion filed: November 21, 2022)
_____

OPINION[*]
_____

PER CURIAM

        Brian Perri has filed a petition for a writ of audita querela.  For the reasons below,

we will deny the petition.

        In 2016, Brian Perri pleaded guilty in the United States District Court for the

Eastern District of Pennsylvania to a three-count indictment that charged him with

transportation and possession of child pornography. The indictment also included a notice

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

of forfeiture, which provided that Perri would forfeit property used to facilitate the crimes. The executed plea agreement provided that Perri would not contest forfeiture. The Government moved for entry of judgment and a preliminary notice of forfeiture, detailing the subject property as three laptop computers and one external hard drive. During the sentencing hearing, Perri's counsel acknowledged the motion and declined to object. The District Court entered the preliminary notice of forfeiture, sentenced Perri to 10 years' imprisonment followed by 15 years of supervised release, and noted on the judgment that the computers and hard drive were subject to forfeiture. Perri did not file a direct appeal.[1]

Notice of the judgment and preliminary order of forfeiture was published on an official government website for 30 days in 2017. On March 28, 2022, the Government moved for a final order of forfeiture, which the District Court granted on April 4, 2022. Perri moved to vacate that order, and the District Court denied his motion.[2]

Perri then filed this petition under the All Writs Act, 28 U.S.C. § 1651, for a writ of audita querela to vacate the forfeiture order.[3] "The common law writ of audita querela

---

[1] Perri later filed a motion pursuant to 28 U.S.C. § 2241, which the District Court construed as seeking relief under 28 U.S.C. § 2255. The District Court dismissed the motion as time barred and meritless, and this Court denied a certificate of appealability. Perri v. United States, C.A. No. 18-3471 (order entered Apr. 24, 2019).

[2] Perri filed a notice of appeal as to the District Court's order denying vacatur of the final forfeiture order, opening a separate appeal. See United States v. Perri, C.A. No. 22-2224.

[3] We assume for present purposes that such a petition may be raised in this Court in the first instance. See 28 U.S.C. § 1651. To the extent that it may not, we construe Perri's

permitted a defendant to obtain relief against a judgment or execution because of some defense . . . arising subsequent to the rendition of the judgment." Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (citation and internal quotation marks omitted), cert. denied, 130 S. Ct. 2426 (2010). It "has been abolished in civil cases . . . [but] is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief." Id. Such a gap must be systemic and not merely reflect a defendant's inability to use available remedies. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (stating that "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative").

Perri has failed to identify a gap in the post-conviction relief system here and we perceive none. The preliminary order of forfeiture entered at his sentencing and the portion of his criminal judgment reflecting the forfeiture could have been challenged on direct appeal. See United States v. Cheeseman, 600 F.3d 270, 275 n.4 (3d Cir. 2010) (explaining that "a forfeiture becomes final at sentencing and that a defendant may appeal a forfeiture order once sentenced"); Fed. R. Crim. P. 32.2(b)(4). Thus, if Perri wished to challenge the forfeiture order, he should have filed a direct appeal from the criminal

---

filing as a petition for writ of mandamus under § 1651 and deny it for the same reason discussed below, namely that other avenues exist for the relief Perri seeks. See, e.g., In re Kensington Int'l Ltd., 353 F.3d 211, 219 (3d Cir. 2003) ("If, in effect, an appeal will lie, mandamus will not.").

3

judgment. While his failure to do so in a timely fashion may lead to a personal inability to seek redress now, it does not reflect a systemic gap in post-conviction remedies.[4]

Accordingly, we will deny the petition for a writ of audita querela.

---

[4] We also reject Perri's meritless assertion that the Supreme Court's decision in Honeycutt v. United States, 137 S. Ct. 1626 (2017), provides him with a defense to the forfeiture that arose subsequent to the criminal judgment.