NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 24-1177
_____

IN RE: KEVINO GRAHAM,
                                                  Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to 2:14-cr-00623-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
May 2, 2024

Before: BIBAS, MATEY, and CHUNG, <u>Circuit Judges</u>

(Opinion filed: May 16, 2024)
_____

OPINION[*]
_____

**PER CURIAM**

Kevino Graham has filed a petition for a writ of mandamus requesting that we

"compel" the District Judge overseeing his criminal and postconviction proceedings to

"answer" a question Graham asserts he posed in his original 28 U.S.C. § 2255 motion.

Pet. at 1-2, Supp. Pet. at 1. For the following reasons, we will deny his petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7
does not constitute binding precedent.

After a jury trial in the Eastern District of Pennsylvania, Graham was convicted of sex trafficking by force and attempting to do the same, see 18 U.S.C. §§ 1591, 1594, and sentenced to 100 years' imprisonment. On direct appeal, we granted the Government's motion to summarily affirm the District Court's judgment. See United States v. Graham, No. 17-3593 (3d Cir. Feb. 14, 2018). Thereafter, Graham filed a pro se 28 U.S.C. § 2255 motion alleging, among other things, that counsel was ineffective for failing to challenge 18 U.S.C. § 1591 as unconstitutionally vague. See Pet. at 5. The District Court denied that motion on the merits, and we declined to issue a certificate of appealability. See United States v. Graham, No. 20-1631 (3d Cir. Oct. 23, 2020), 2020 WL 9596841, cert. denied 141 S. Ct. 2655 (2021); see also 28 U.S.C. § 2253(c). Graham has since filed multiple additional unsuccessful post-conviction motions challenging his underlying conviction.

In January 2024, Graham filed the instant mandamus petition, asking us to compel the District Court to answer whether 18 U.S.C. § 1591, "sex trafficking of children or by force, fraud, or coercion, define[s] a single offense through (Alternative means) or does § 1591 define multiple offenses through (Alternative Elements)." Pet. at 2. Graham asserts that mandamus is appropriate because the District Court's alleged avoidance of the question in his § 2255 motion creates "uncertainty," and "until this question is answered Prosecutors in the third circuit district court can change [their] interpretation." Id.

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate

means exist to attain the relief he desires, (2) his right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up). Graham has not met this exacting standard.

Mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). To the extent that Graham now asks us to correct an alleged error in the District Court's order denying his original § 2255 motion, he should have brought this argument in his application for a certificate of appealability in the prior proceeding. See Graham, C.A.3 No. 20-1631.

To the extent that he asks us to compel the District Court to adjudicate a new claim, he must comply with the gatekeeping requirements prescribed by 28 U.S.C. § 2244 and § 2255(h). He may not use a mandamus petition to evade them.[1] Cf. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam); United States v. Baptiste, 223 F.3d 188, 189–90 (3d Cir. 2000) (per curiam).

Accordingly, we will deny Graham's petition for writ of mandamus.

---

[1] We express no opinion as to whether Graham could meet these requirements were he to file a proper application in the future.