**CLD-313**                                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-2332
_____

UNITED STATES OF AMERICA

v.

GEORGE A. WINKELMAN;
JOHN F. WINKLEMAN, JR.,
                                        Appellants
_____

On Appeal from the United States District Court
for the Middle District of Pennsylvania
(D.C. Criminal Nos. 01-cr-00304-008 and 01-cr-00304-009)
District Judge:  Honorable Yvette Kane
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
July 3, 2013

Before:  RENDELL, JORDAN and SHWARTZ, <u>Circuit</u> <u>Judges</u>

(Opinion filed: July 25, 2013)
_____

OPINION
_____

PER CURIAM

    We recently discussed the background of the 2003 convictions of George

Winkelman and John F. Winkelman, Jr., as well as their numerous collateral challenges

to their convictions and sentences, in <u>United States v. Winkelman</u>, No. 13-1286, 2013

WL 2669140 (3d Cir. June 14, 2013) (nonprecedential per curiam); we need not repeat ourselves here. This appeal arises out the latest joint collateral attack of its kind. The brothers filed a petition for writ of audita querela under the All Writs Act, 28 U.S.C. § 1651. Relying on our opinion in <u>Massey v. United States</u>, 581 F.3d 172 (3d Cir. 2009) (per curiam), the District Court denied relief because, to the extent audita querela may "fill the gaps" of the federal postconviction regime, this case presented no such gaps. We agree; <u>Massey</u> plainly controls, and the appellants are entitled to no relief. Because this appeal presents no substantial question, we will summarily affirm the District Court's judgment. <u>See</u> <u>Murray v. Bledsoe</u>, 650 F.3d 246, 248 (3d Cir. 2011) (per curiam); <u>see also</u> 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6. Should the brothers persist in filing appeals in this Court that are plainly without legal merit, they run the risk of sanctions.