**Miguel Nieves GARCIA, Appellant**

v.

**J. GRONDOLSKY, Warden F.C.I., Fort Dix.**

**No. 09–3030.**

United States Court of Appeals, Third Circuit.

Submitted for Possible Summary Action

Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6 Submitted Sept. 30, 2009.

Opinion filed: Oct. 28, 2009.

Miguel Nieves Garcia, Fort Dix, NJ, pro se.

Susan J. Steele, Esq., Office of United States Attorney, Newark, NJ, for J. Grondolsky, Warden F.C.I., Fort Dix.

Before: SCIRICA, Chief Judge, WEIS and GARTH, Circuit Judges.

OPINION

PER CURIAM.

This is an appeal from the District Court's dismissal of Miguel Nieves Garcia's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. We will summarily affirm. *See* I.O.P. 10.6.

In 1995 the United Stated District Court for the Eastern District of Wisconsin sentenced Garcia to an aggregate term of imprisonment of 360 months for various drug charges. The Court of Appeals for the Seventh Circuit affirmed his conviction. *United States v. Garcia,* 89 F.3d 362 (7th Cir.1996). Garcia then filed a motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255. The trial court denied the motion and the Seventh Circuit denied his request for a certificate of appealability.

On February 18, 2009, Garcia filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. In the petition, Garcia challenged his classification as a career offender, arguing that a 1972 conviction should not have counted as a predicate offense. The District Court denied his petition and Garcia filed a timely notice of appeal to this Court.

We have jurisdiction over this appeal pursuant to 28 U.S.C. §§ 1291 and 2253(a). We exercise plenary review over the District Court's legal conclusions and apply a clearly erroneous standard to its factual findings. *See Cradle v. United States ex rel. Miner,* 290 F.3d 536, 538 (3d Cir.2002). Upon review, we agree with the District Court's dismissal.

A § 2255 motion is the presumptive means by which a federal prisoner can challenge his conviction or sentence. *See Davis v. United States,* 417 U.S. 333, 343, 94 S.Ct. 2298, 41 L.Ed.2d 109 (1974). A federal prisoner may proceed under § 2241 only if the remedy provided by § 2255 is inadequate or ineffective to test the legality of his detention. *See* 28 U.S.C. § 2255; *In re Dorsainvil,* 119 F.3d 245, 249–51 (3d Cir.1997). "A § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication of his wrongful detention claim." *Cradle,* 290 F.3d at 538.

Here, as the District Court held, Garcia has not established that a § 2255 motion is inadequate or ineffective to test the legality of his detention. Garcia raised the career offender claim on direct appeal. *See Garcia,* 89 F.3d at 366. Further, he apparently raised the claim in his § 2255 motion but he alleges that the Wisconsin District Court "unreasonably held his § 2255 motion to the strict compliance with its procedural rules." (Petition at 12.) However, "[i]t is the inefficacy of the remedy, not the personal inability to use it, that is determinative." *Cradle,* 290 F.3d at 539. Neither the Seventh Circuit's rejection of that claim on direct appeal nor the District Court's dismissal of the claim for procedural violations renders § 2255 inadequate. *Id.*

Therefore, the District Court properly determined that it lacked jurisdiction un-

der § 2241 to hear Garcia's claim. Further, the District Court also correctly construed his petition as a second or successive § 2255 motion and held that it also lacked jurisdiction over such a motion. We agree that the interests of justice did not require the District Court to transfer the petition to the Seventh Circuit. *See* 28 U.S.C. § 1631.

For the foregoing reasons, we will summarily affirm the District Court's order.