**ALD-028**                                          **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-1985
_____

MIGUEL N. GARCIA,
                                        Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civ. No. 1-12-cv-00356)
District Judge: Honorable Robert B. Kugler
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 6, 2014

Before: RENDELL, CHAGARES and SCIRICA, <u>Circuit</u> <u>Judges</u>

(Filed: December 9, 2014)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Miguel N. Garcia appeals from an order of the District Court dismissing his habeas corpus petition, 28 U.S.C. § 2241, for lack of jurisdiction. For the reasons that follow, we will summarily affirm.

Garcia, who is incarcerated at the Federal Correctional Institution in Fort Dix, New Jersey, was sentenced on December 20, 1995 in the United States District for the Eastern District of Wisconsin to a term of imprisonment of 360 months after being convicted of conspiracy to distribute more than 5 kilograms of cocaine and possession with intent to distribute cocaine. Garcia was classified as a career offender for sentencing purposes, see U.S.S.G. § 4B1.1, based in part on a 1972 federal conviction in the Northern District of Illinois for conspiracy to possess with intent to distribute heroin. Under the Guidelines, although a sentence imposed more than 15 years prior to the date of the instant offense generally is not counted for purposes of § 4B1.1, it is counted if the defendant's incarceration extended, as Garcia's did, into the 15-year period, see U.S.S.G. § 4A1.2(e).[1] On direct appeal, Garcia argued that use of the 1972 conviction to classify him as a career offender violated his right to due process, but the Seventh Circuit Court of Appeals determined that his sentence was constitutional and affirmed, see United

---

[1]Pursuant to § 4A1.2(e), "[a]ny prior sentence of imprisonment exceeding one year and one month that was imposed within fifteen years of the defendant's commencement of the instant offense is counted. Also count any prior sentence of imprisonment exceeding one year and one month, whenever imposed, that resulted in the defendant being incarcerated during any part of such fifteen-year period." Garcia's 1972 heroin distribution conviction resulted in a term of imprisonment of 6 years. He was paroled in September, 1974, but he committed another crime while on parole and so his parole was revoked. He was paroled again on July 13, 1981. See Garcia, 89 F.3d at 366.

States v. Garcia, 89 F.3d 362, 366-67 (7th Cir. 1996).  In 1997, Garcia filed a motion to vacate sentence in the sentencing court, 28 U.S.C. § 2255, which was denied.

In February, 2009, Garcia filed his first petition for writ of habeas corpus, 28 U.S.C. § 2241, in the United States District Court for the District of New Jersey, challenging his career offender sentence on the ground that his 1972 heroin distribution conviction should not have counted as a predicate offense.  The District Court dismissed the petition for lack of jurisdiction and we affirmed, see Garcia v. Grondolsky, 350 F. App'x 616 (3d Cir. 2009) (section 2255 motion to vacate sentence not inadequate or ineffective to test legality of Garcia's detention).

In January, 2012, Garcia filed a second § 2241 petition, naming the United States Parole Commission as the respondent and again challenging his career offender sentence on the ground that his 1972 heroin distribution conviction should not have counted as a predicate offense.  He claimed that his correct parole date from his 1972 conviction would have been July 13, 1980 (instead of July 13, 1981), if the Parole Commission had properly credited his good conduct time, and that the Parole Commission's miscalculation caused his 1995 sentence to be enhanced under U.S.S.G. §§ 4B1.1 and 4A1.2(e).  Garcia attached to his § 2241 petition a copy of a Certificate of Mandatory Release, showing that he was released on July 13, 1981 and that he was credited with 362 days of good conduct time.  The Parole Commission submitted written opposition to this § 2241 petition, contending that Garcia had not been held beyond his 1972 conviction release date, and that his 1995 career offender sentence enhancement was proper.  The

3

Parole Commission noted that Garcia was paroled for a second time on July 13, 1981, and that his parole term actually expired on January 11, 1982.

In a decision dated November 20, 2013, the District Court construed Garcia's claim as a challenge to his 1995 career offender sentence enhancement and dismissed his § 2241 petition for lack of jurisdiction. The court held that the safety valve discussed in In re: Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), applied only where the prisoner had no prior opportunity to challenge his conviction for a crime later deemed to be non-criminal by an intervening change in the law. Garcia had prior opportunities to challenge his sentence enhancement, and he did not argue that he was innocent of the offense for which he was convicted. Garcia then moved for reconsideration of the judgment, calling the District Court's attention to the Seventh Circuit Court of Appeals' decision Brown v. Caraway, 719 F.3d 583 (7th Cir. 2013). In an order entered on March 24, 2014, the District Court denied reconsideration, concluding that, even if Brown were binding authority in this circuit, it would not provide a basis for federal habeas jurisdiction pursuant to 28 U.S.C. § 2241. The District Court also rejected Garcia's arguments that he could bring his career offender claim in either a petition for writ of audita querela or petition for writ of mandamus.

Garcia appeals. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 2253(a). Our Clerk advised Garcia that the appeal was subject to summary action under Third Cir. LAR 27.4 and I.O.P. 10.6, and invited him to submit a response. We have considered Garcia's summary action response in deciding this appeal.

4

We will summarily affirm the order of the District Court because no substantial question is presented by this appeal, Third Circuit LAR 27.4 and I.O.P. 10.6. A federal prisoner must challenge the validity of his conviction and sentence through a motion to vacate sentence pursuant to 28 U.S.C. § 2255. See Davis v. United States, 417 U.S. 333, 343 (1974). Section 2255 expressly prohibits a district court from considering a challenge to a prisoner's federal sentence under § 2241 unless the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e); see also Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam); Dorsainvil, 119 F.3d at 251. A motion under § 2255 is not "inadequate or ineffective" simply because the movant cannot meet the gatekeeping requirements for filing a second or successive section 2255 motion, see 28 U.S.C. § 2255(h). "It is the efficacy of the remedy, not the personal inability to use it, that is determinative." Cradle, 290 F.3d at 538-39 (citing Garris v. Lindsay, 794 F.2d 722, 727 (D.C. Cir.1986).

In Dorsainvil, 119 F. 3d at 251-52, we held that, pursuant to the savings clause, a petitioner could in some narrow circumstances seek relief under § 2241 in the unusual situation where he was being detained for conduct that subsequently was rendered non-criminal by an intervening Supreme Court decision, and where he had no prior opportunity to present his claim. Garcia's career offender sentence claim does not fall within the scope of the savings clause. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002) (Apprendi v. New Jersey, 530 U.S. 466 (2000), dealt with sentencing and did not render conspiracy to import heroin, the crime for which [petitioner] was convicted, not criminal). We also agree with the District Court that, even if Brown were

5

binding authority in this circuit, it would not provide a basis for § 2241 jurisdiction. In Brown, the petitioner argued that, under Begay v. United States, 553 U.S. 137 (2008), his state conviction for arson no longer qualified as a crime of violence under the Guidelines and thus he was actually innocent of his career offender sentence. Brown, 719 F.3d at 586. The Seventh Circuit held that the petitioner could resort to a § 2241 petition because he could not have made this argument in reliance upon Begay in his first section 2255 motion, and because the improper career offender sentence enhancement he received constituted a grave enough error to be deemed a miscarriage of justice. See id. at 586-87. In Garcia's case, his sentence enhancement claim does not rely on a change in the substantive law; rather, it relies on an alleged sentence computation error concerning events which transpired in the early 1980's. This claim could have been pursued in Garcia's 1997 § 2255 motion and thus it cannot be said that he had no prior opportunity to bring it.

Accordingly, the District Court correctly determined that the safety valve does not apply to Garcia's career offender sentence enhancement claim and that jurisdiction under 28 U.S.C. § 2241 is lacking.[2] We also agree with the District Court that Garcia may not resort to a petition for writ of audita querela or petition for writ of mandamus to bring his career offender enhancement claim. In Massey v. United States, 581 F.3d 172 (3d Cir. 2009), a federal prisoner who could not satisfy the gatekeeping requirements for filing a second or successive § 2255 motion, challenged his drug trafficking sentence under the

---

[2] The petition also is an abuse of the writ because the career offender sentence enhancement claim was raised in Garcia's first § 2241 petition, Queen v. Miner, 530 F.3d 253, 255 (3d Cir. 2008) (per curiam).

6

All Writs Act.  Noting that the writ of audita querela "is available in criminal cases to the extent that it fills in gaps in the current system of post-conviction relief," id. at 174, we held that a § 2255 motion was an adequate remedy for the petitioner's claim.  Massey applies here.  To justify mandamus relief, a petitioner must show both a clear and indisputable right to the writ and that he has no other adequate means to obtain the relief desired.  See Haines v. Liggett Group, Inc., 975 F.2d 81, 89 (3d Cir. 1992).  Under the facts and circumstances of this case, Garcia had ample other adequate means to obtain the relief he desires, and thus mandamus relief is not available.

For the foregoing reasons, we will summarily affirm the order of the District Court dismissing Garcia's § 2241 petition for lack of jurisdiction and denying his motion for reconsideration.