NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-3501
_____

UNITED STATES OF AMERICA

v.

JEFFREY SCHMUTZLER,
                                        Appellant
_____

APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA
(D.C. Crim. Action No. 1-13-cr-00065-001)
District Judge: Honorable William W. Caldwell
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
January 22, 2015
_____

Before:  FISHER, JORDAN, and GREENAWAY, JR., *Circuit Judges*.
(Opinion Filed: February 23, 2015)

_____

OPINION*
_____

_____

    *This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

GREENAWAY, JR., *Circuit Judge*.

Appellant Jeffrey Schmutzler appeals the District Court's sentence, imposed after he pled guilty to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Schmutzler contends that: (1) the District Court erred in denying his motion to withdraw his guilty plea; and (2) the resulting sentence was unreasonable. For the reasons that follow, we will affirm the District Court's judgment of conviction.

## I. BACKGROUND

This case stems from a federal investigation into an international movie production company that distributed child pornography. Law enforcement officers executed a search warrant on the company's premises. A review of the business records obtained during the search indicated that Schmutzler had placed thirty-three separate purchase orders through the company's website for child pornography.

As a result of the investigation, Schmutzler entered a guilty plea to receipt of child pornography. Prior to sentencing, Schmutzler retained private counsel and filed a motion to withdraw his guilty plea, claiming that his prior counsel had failed to inform him of his right to challenge the indictment on the grounds of selective prosecution (because he was a school teacher). The District Court denied the motion, finding that his claim lacked factual support and legal merit.

At sentencing, the United States presented uncontested evidence that Schmutzler possessed 1,424 child pornography images in which he had photoshopped the faces of 136 current students. The United States also presented evidence that Schmutzler

2

possessed between two and four terabytes of child pornography, amounting to between four and eight million images. Additionally, the court heard victim testimony and reviewed fantasy letters that Schmutzler had written depicting sexual encounters with students. The District Court granted Schmutzler a three-level reduction for acceptance of responsibility and sentenced him to 108 months' imprisonment and ten years of supervised release.

## II. ANALYSIS[1]

Schmutzler first argues that the District Court erred in denying his motion to withdraw his guilty plea. "We review a district court's ruling denying a defendant's motion to withdraw his guilty plea before sentencing pursuant to an abuse of discretion standard." *United States v. Jones*, 336 F.3d 245, 252 (3d Cir. 2003) (citing *United States v. Harris*, 44 F.3d 1206, 1210 (3d Cir. 1995)). Under these circumstances, there was no abuse of discretion.

Federal Rule of Criminal Procedure 11(d) provides, in pertinent part: "A defendant may withdraw a plea of guilty . . . after the court accepts the plea, but before it imposes sentence if . . . the defendant can show a fair and just reason for requesting the withdrawal." The defendant bears the burden of demonstrating he has a "fair and just" reason, "and that burden is substantial." *Jones*, 336 F.3d at 252 (citations omitted). We have asked district courts to consider three factors when considering a motion to withdraw a guilty plea: "(1) whether the defendant asserts his innocence; (2) the strength

_____

[1] The District Court had jurisdiction over this case pursuant to 18 U.S.C. § 3231. We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742(a).

3

of the defendant's reasons for withdrawing the plea; and (3) whether the government would be prejudiced by the withdrawal." *Id.* (citations omitted). We focus, as did the District Court, on the second factor, because Schmutzler does not assert his innocence nor does he address the issue of prejudice to the United States.[2]

In essence, Schmutzler claims that he was unfairly prosecuted because he is a school teacher, and that individuals convicted of sexual offenses in state court receive lesser sentences than he faced.[3] Even assuming arguendo that Schmutzler has the right to challenge his plea on selective prosecution grounds, his argument is unpersuasive. To prevail on such a claim, a "defendant must 'provide evidence that [1] persons similarly situated have not been prosecuted' and that [2] 'the decision to prosecute was made on the basis of an unjustifiable standard, such as race, religion, or some other arbitrary factor.'" *United States v. Taylor*, 686 F.3d 182, 197 (3d Cir. 2012) (quoting *United States v. Schoolcraft*, 879 F.2d 64, 68 (3d Cir. 1989)). The defendant bears the burden of proving each of these elements with "clear evidence" sufficient to overcome the

___

[2] The District Court concluded that "[b]ecause Defendant has neither asserted his innocence nor provided a strong reason to withdraw his claim," it need not consider the factor of prejudice. App. 14. The District Court also noted that prejudice was readily apparent. Indeed, as the United States argues on appeal, withdrawal of Schmutzler's plea would have resulted in, among other things, wasted governmental resources, faded witness memories, and the loss of potentially inculpatory evidence. Accordingly, this factor also weighs in favor of the United States.

[3] We will not consider Schmutzler's argument, raised for the first time in his reply brief, that he should have been entitled to discovery or a hearing to develop his selective prosecution claim. *See United States v. Cruz*, 757 F.3d 372, 387–88 (3d Cir. 2014) ("[B]ecause Cruz raises this argument for the first time in the Reply Brief, we will not consider it. Instead, we will deem it, like the other arguments that were raised for the first time in the Reply Brief, to be waived.").

4

presumption of regularity that attaches to decisions to prosecute. *Id.* (citations and quotation omitted).

Given these high standards, it is clear the District Court did not abuse its discretion in finding that his selective prosecution claim lacked merit. Schmutzler has provided no evidence to suggest, yet alone establish, that similarly situated individuals have not been prosecuted. Schmutzler has not identified other customers of the illicit website who were implicated during the course of the federal child pornography investigation, nor has he shown that they were spared prosecution where he was not. Instead, Schmutzler submits a spreadsheet purporting to demonstrate that numerous individuals have received lighter sentences under state law for various child pornography and other sexual offenses. However, Schmutzler has failed to provide an explanation of how these individuals are similarly situated to him—there is no indication of whether they acted in a manner punishable by federal law, were implicated in similar federal investigations, or ever faced federal prosecution.

Furthermore, Schmutzler has put forth no evidence to show that the government based its decision to prosecute him on the basis of an unjustifiable standard or some other arbitrary factor. Nothing in this record suggests that the prosecutorial decision was influenced by Schmutzler's occupation. Accordingly, the District Court properly denied Schmutzler's motion to withdraw his guilty plea.

Schmutzler also argues that the District Court's sentence was procedurally and

substantively unreasonable.[4]  Under our three-step sentencing framework, district courts must: (1) "calculate a defendant's Guidelines sentence precisely as they would have before [*United States v. Booker*, 543 U.S. 220 (2005)]," (2) "'formally rul[e] on the motions of both parties and stat[e] on the record whether they are granting a departure,'" and (3) "'exercise[ ] [their] discretion by considering the relevant [§ 3553(a)] factors' . . . in setting the sentence they impose regardless [of] whether it varies from the sentence calculated under the Guidelines." *United States v. Gunter*, 462 F.3d 237, 247 (3d Cir. 2006) (quoting *United States v. King*, 454 F.3d 187, 196, 194 (3d Cir. 2006) (first three alterations in original)).  Under the third step, the district court "must 'acknowledge and respond to any properly presented sentencing argument which has colorable legal merit and a factual basis.'" *U.S. v. Flores-Mejia*, 759 F.3d 253, 256 (3d Cir. 2014) (quoting *United States v. Begin*, 696 F.3d 405, 411 (3d Cir. 2012)).

Schmutzler does not challenge the District Court's application of the first and second steps; therefore, we need not address them here.  As to step three, the sentencing colloquy evidences that the District Court was thorough in its consideration of the § 3553(a) factors.  The District Court discussed at length the nature and circumstances of what it characterized as a "disturbing" and "sad" case.  App. 130.  However, it noted that it "must evaluate the penalty by considering all aspects of this case, including the fact that the Defendant has no criminal record, apparently was an excellent teacher, and never

---

[4] We review sentences "under a deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007).  "[W]e are to ensure that a substantively reasonable sentence has been imposed in a procedurally fair way." *United States v. Levinson*, 543 F.3d 190, 195 (3d Cir. 2008).

attempted directly to involve students in his pornography." *Id.* The *Gunter* test is met.

There is no procedural error.[5]

We next consider the substantive reasonableness of the sentence. Our review of the application of the § 3553(a) factors focuses on the totality of the circumstances and is highly deferential. *United States v. Tomko*, 562 F.3d 558, 567 (3d Cir. 2009). Indeed, even if this Court would have imposed a different sentence, we must not do so as long as any reasonable court could have imposed the given sentence. *Id.* at 568. The District Court's sentence of 108 months for receiving child pornography satisfied all of the elements of a substantively reasonable sentence. The District Court fully justified its sentence and gave appropriate consideration to the § 3553(a) factors. Schmutzler's Guidelines range was 210 to 262 months. The District Court granted Schmutzler a significant downward variance and his sentence was 102 months below the bottom of the Guidelines range. Schmutzler has not met his burden of showing that a reasonable

---

[5] We find no merit in Schmutzler's argument that the District Court inadequately considered the need to avoid unwarranted sentencing disparities. 18 U.S.C. § 3553(a)(6). In support of this argument, Schmutzler submits a chart with eighteen federal cases in which defendants received "substantial downward departures, far below the 108 month sentence imposed in this case." Appellant Br. at 22–24. While Schmutzler's chart illustrates that some defendants in other federal possession of child pornography cases received shorter sentences, the chart does not demonstrate any sentencing disparities. Notably, Schmutzler faced a higher Guidelines range and received a downward variance that was greater than many of the defendants in the chart. Schmutzler has put forth no evidence that there was a disparity between his sentence and other similarly situated defendants, let alone that the District Court did not adequately consider this § 3553(a) factor.

sentencing court would not have imposed the same sentence.[6]

## III. CONCLUSION

For the foregoing reasons, we will affirm the judgment of conviction of the

District Court.

---

[6] Schmutzler also argues that the District Court abused its discretion by according undue weight to the child pornography Guidelines, resulting in an unreasonably severe sentence. He claims that the District Court failed to consider sufficiently that the child pornography Guidelines merit lesser deference, as they are not the result of "empirical data and national experience," as we explained in *United States v. Grober*, 624 F.3d 592, 608 (3d Cir. 2010). However, as we emphasized in *Grober*, "if a district court does not in fact have a policy disagreement with § 2G2.2, it is not obligated to vary on this basis." *Id.* at 609 (citation omitted). Furthermore, as noted *supra*, the District Court imposed a significant downward variance from the Guidelines. Accordingly, we remain unconvinced by Schmutzler's argument and conclude the below-Guidelines sentence he received was not substantively unreasonable.