*AMENDED ALD-190                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1658
_____

IN RE:  JEFFREY SCHMUTZLER,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Middle District of Pennsylvania
(Related to M.D. Pa. Civ. No. 1-13-cr-00065-001)
District Court Judge: William W. Caldwell

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
April 13, 2017
Before:  MCKEE, JORDAN, and RESTREPO, Circuit Judges

(Opinion filed: May 1, 2017)
_____

OPINION*
_____

PER CURIAM

Pro se petitioner Jeffrey Schmutzler has filed a petition for a writ of mandamus

seeking to have this Court quash an indictment, which he claims was improperly

obtained, and vacate his conviction and sentence.  We will deny the petition.

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

In August 2014, Schmutzler pleaded guilty in the United States District Court for the Middle District of Pennsylvania to receipt of child pornography, in violation of 18 U.S.C. § 2252(a)(2), and was sentenced to a term of imprisonment of 108 months, to be followed by 10 years of supervised release. This Court affirmed. United States v. Schmutzler, 602 F. App'x 871 (3d Cir. 2015). Schmutzler subsequently filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255, claiming, inter alia, that trial counsel provided ineffective assistance of counsel by failing to file a pretrial motion challenging federal jurisdiction. The District Court denied the § 2255 motion and this Court declined to issue a certificate of appealability. See C.A. No. 15-2462 (order entered Dec. 21, 2015). Thereafter, Schmutzler filed a § 2241 petition in the District of Massachusetts, where he was incarcerated, raising claims similar to those that were raised in his § 2255 petition. The District Court dismissed the petition for lack of jurisdiction. Schmutzler v. Grondolsky, D. Mass. No. 1-16-cv-10077 (order entered September 16, 2016). Schmutzler subsequently filed two applications for leave to file a second § 2255 motion, presenting the same jurisdictional challenges as were previously raised. We denied both applications.

Schmutzler now petitions this Court for a writ of mandamus. Schmutzler seeks an order from this Court directing the District Court to quash his indictment and vacate his sentence. Schmutzler argues that Pennsylvania had either exclusive or concurrent

2

jurisdiction over his crimes, which therefore deprived federal authorities of jurisdiction to prosecute and convict him.[1]

A writ of mandamus is an extraordinary remedy. See Kerr v. United States Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted). Mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). That is, a court will not issue a writ of mandamus where the petitioner "could readily have secured review of the ruling complained of and all objectives now sought, by direct appeal." Helstoski v. Meanor, 442 U.S. 500, 506 (1979). Schmutzler raises claims that could have been presented in prior appeals; thus, he is not entitled to mandamus relief.

Further, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). As noted, Schmutzler previously filed a § 2255 motion, which the District Court denied. If Schmutzler wishes to collaterally challenge his conviction or sentence by filing a second or successive § 2255 motion, he

---

[1] Schmutzler has also filed a motion for the appointment of counsel and a motion requesting bail.

must once again comply with the gatekeeping requirements prescribed by 28 U.S.C. § 2244 and § 2255(h).  He may not use a mandamus petition to evade these requirements.  See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam).  Accordingly, we will deny Schmutzler's mandamus petition.  Schmutzler's motion for the appointment of counsel and his motion requesting bail are denied.