ALD-265                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4696
_____

NICKY GENE BYRD,
                          Appellant

v.

WARDEN FORT DIX FCI
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. Civ. No. 1-14-cv-06473)
District Judge:  Honorable Renée M. Bumb

_____

Submitted for a Request for a Certificate of Appealability Pursuant to 28 U.S.C.
§ 2253(c)(1), Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B), or
Possible Summary Action Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
July 9, 2015

Before:  CHAGARES, SCIRICA and RENDELL, Circuit Judges

(Opinion filed: July 30, 2015)
_____

OPINION*
_____

PER CURIAM

        Nicky Gene Byrd, a federal prisoner proceeding pro se, appeals from orders of the

---

        * This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does
not constitute binding precedent.

United States District Court for the District of New Jersey dismissing his petition for a writ of habeas corpus and denying his motion for reconsideration. We will affirm.

In 2008, Byrd pleaded guilty in the United States District Court for the Middle District of North Carolina to possession of ammunition by a felon, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1), and was sentenced to 180 months in prison. He did not file an appeal or any collateral challenges in the sentencing court. In 2014, Byrd, who was by that time incarcerated in New Jersey, filed a "Petition for a Writ of Habeas Corpus" in the District Court challenging his conviction and sentence on ineffective assistance of counsel and other grounds. The District Court construed the filing as a habeas petition under 28 U.S.C. § 2241[1] and dismissed it for lack of jurisdiction, concluding that the claims could be raised only, if at all, in a § 2255 motion. Byrd filed a motion for reconsideration, primarily arguing that the court had jurisdiction over his petition pursuant to the All Writs Act, 28 U.S.C. § 1651, and 18 U.S.C. § 3231. The motion was denied, and this appeal followed.

We have jurisdiction pursuant to 28 U.S.C. § 1291,[2] and we exercise plenary review over the District Court's legal conclusions. See Cradle v. United States ex rel.

---

[1] Motions to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 must be made in the court that imposed the sentence. 28 U.S.C. § 2255(a). The District Court noted that it could construe Byrd's habeas petition as an application to the sentencing court for leave to file a § 2255 motion out of time, but declined to do so because transferring the petition to the sentencing court would not serve the interests of justice.

[2] A certificate of appealability is not required to appeal from the denial of a § 2241 petition. See Burkey v. Marberry, 556 F.3d 142, 146 (3d Cir. 2009).

Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam). If no substantial question is presented, we may affirm on any ground supported by the record. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6; Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999).

We agree with the District Court that Byrd's § 2241 petition was not viable. He challenged the validity of his conviction and sentence for the possession of ammunition offense, but "[m]otions pursuant to 28 U.S.C. § 2255 are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution." Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). Although a petitioner may challenge a conviction pursuant § 2241 if a § 2255 motion would be "inadequate or ineffective," this exception applies only in rare circumstances. In In re Dorsainvil, 119 F.3d 245, 251-52 (3d Cir. 1997), we recognized that a § 2255 motion would be "inadequate or ineffective" where an intervening change in the law decriminalized the conduct for which the petitioner had been convicted. Byrd, however, cannot avail himself of this exception because the conduct underlying his conviction is still a crime. Nor does his contention of actual innocence, which is based on the alleged existence of a defense not asserted by counsel, constitute an extraordinary circumstance justifying the use of § 2241.[3] See Cradle, 290 F.3d at 539. Finally, the fact that the one-year limitations period for a § 2255 motion has long ago expired does not make § 2241 available here. Id. In sum, Byrd may not use § 2241 to evade the stringent

---

[3] Byrd pleaded guilty, thus waiving any defenses, and he has not argued that his plea was unknowing or involuntary.

3

gatekeeping requirements of § 2255. Id.

Byrd's effort to avoid the limitations inherent in § 2241 and § 2255 by characterizing his petition as arising under the All Writs Act is futile. "'The All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. . . . [w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling.'" Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (quoting Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985)). As noted earlier, Byrd's petition explicitly challenged his conviction and sentence, and 28 U.S.C. § 2255 governs such collateral challenges by federal prisoners. Accordingly, there was no basis for the District Court to exercise jurisdiction under the All Writs Act. Nor is 18 U.S.C. § 3231, which concerns the jurisdiction of the district courts in federal criminal proceedings, a basis for jurisdiction in this case.

Finally, we agree with the District Court that Byrd's assertion that his conviction is invalid in all courts other than the sentencing court is utterly without merit, dooming his attempt to use such an argument as a basis for jurisdiction over his petition. We also agree that the District Court was not required to give Byrd notice under United States v. Miller, 197 F.3d 644, 652 (3d Cir. 1999), because his petition was not construed as a § 2255 motion. Accordingly, we will summarily affirm the District Court's orders. See 3d Cir. L.A.R. 27.4; I.O.P. 10.6.

4