**ALD-229**                                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1179
_____

MARK GREEN,
                                        Appellant

v.

WARDEN LOS ANGELES MDC
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 2-14-cv-06787)
District Judge: Honorable Juan R. Sanchez

_____

Submitted for Possible Dismissal For Lack of Jurisdiction and for Possible Dismissal
Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Under Third Circuit LAR 27.4 and I.O.P. 10.6
April 21, 2016

Before: AMBRO, SHWARTZ and NYGAARD , Circuit Judges

(Opinion filed: June 1, 2016)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Pro se appellant Mark Green appeals from an order of the United States District Court for the Eastern District of Pennsylvania dismissing his petition under the All Writs Act (28 U.S.C § 1651).[1] As the appeal does not present a substantial question, we will summarily affirm the decision of the District Court.

I.

Following a 2009 jury trial in the Eastern District of Pennsylvania, Green was convicted of a number of fraud-related charges and sentenced to a 139-month term of imprisonment. Green appealed, raising a variety of claims, including a Speedy Trial Act claim, which we rejected because "[t]he total non-excludable delay was [] sixty-one days – fewer than the seventy days allowed by statute." United States v. Green, 516 F. App'x 113, 123 (3d Cir. 2013). Green seeks to challenge this finding in his mandamus petition,[2] contending that "[t]he Third Circuit Panel . . . miscalculated the non-excludable time . . ."

The District Court dismissed his petition on July 13, 2015, finding that his Speedy Trial Act claim could be properly raised only in a § 2255 motion.[3] The Court also noted that he had filed such a motion in that district on June 12, 2015, at 2:15-cv-03321-JS. This timely appeal ensued.[4]

---

[1] Green styled his action in the District Court as a petition under the All Writs Act, or in the alternative, a petition for writ of audita querela or § 2241 petition.

[2] Green filed this action in the Central District of California, where he is currently housed, and it was subsequently transferred to the Eastern District of Pennsylvania.

[3] The Court explained that although Green had raised the issue unsuccessfully on appeal, he was not necessarily barred from pursuing it in a § 2255 motion.

[4] The District Court's July 13, 2015 order set forth, in a lengthy footnote, the reasons for its decision, and thus did not satisfy Rule 58(a)'s separate order requirement. Consequently, under Rule 4(a)(7)(A)(ii), this order was not entered for appeal purposes until December 10, 2015 – 150 days from the initial entry – because the District Court

2

II.

We have jurisdiction under 28 U.S.C. § 1291, and exercise plenary review over the District Court's denial of relief under the All Writs Act. See Grider v. Keystone Health Plan Cent., Inc., 500 F.3d 322, 328 (3d Cir. 2007) (exercising plenary review of injunctions under All Writs Act). We may summarily affirm the District Court where "it clearly appears that no substantial question is presented or that subsequent precedent or a change in circumstances warrants such action." 3d Cir. I.O.P. 10.6 (2015).

The All Writs Act is "a residual source of authority to issue writs that are not otherwise covered by statute," and "[w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." Pa. Bureau of Corr. v. U.S. Marshals Serv., 474 U.S. 34, 43 (1985). Section 2255 motions "are the presumptive means by which federal prisoners can challenge their convictions or sentences that are allegedly in violation of the Constitution" or the laws of the United States. Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002).

We detect no error in the District Court's denial of relief under the All Writs Act because Green's claim – an alleged violation of the Speedy Trial Act, or a "law[] of the United States" – may be brought under section 2255.[5]

_____

never entered judgment in a separate document. Green's notice of appeal, filed January 21, 2016, is thus timely under Rule 4(a)(1)(B)(iii) (60 day period to appeal).

[5] To the extent that he brings his claim as a petition for writ of audita querela or § 2241 petition, it similarly fails. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) ("[Petitioner] may not seek relief via a petition for a writ of audita querela because his claim is cognizable under § 2255."); Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (federal prisoner may seek relief under § 2241 only if "a § 2255 motion would be inadequate or ineffective").

Accordingly, we will summarily affirm the decision of the District Court.