CLD-238                                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-1629
_____

ELISTON F. GEORGE,
                                                Appellant

v.

DIRECTOR VIRGIN ISLANDS BUREAU OF CORRECTIONS
_____

On Appeal from the District Court
of the Virgin Islands
(D.C. Civil No. 3-14-cv-00067)
District Judge:  Honorable Curtis V. Gomez

_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
May 18, 2017

Before: SHWARTZ, NYGAARD and FISHER, Circuit Judges

(Opinion filed: May 24, 2017)
_____

OPINION*
_____

PER CURIAM

        In 1978, Eliston George was sentenced to life in prison without parole for first

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

degree murder. We affirmed the judgment. Since then, George has repeatedly attempted to challenge his judgment without success.

Most recently, George filed a petition for a writ of audita querela in the District Court of the Virgin Islands. His petition was based on affidavits from two trial witnesses, who claimed that they had perjured themselves at the direction of the prosecutor.

Adopting a report and recommendation over George's objections, the District Court denied the petition. The District Court concluded that George's petition "is in substance a § 2255 motion" which he had "not received authorization to file." The District Court further explained that to the extent that the writ of audita querela may "fill the gaps" of the federal post-conviction scheme, restrictions on George's ability to file another proper § 2255 motion did not create a gap to be filled by the writ. George appeals.

We have jurisdiction pursuant to 28 U.S.C. § 1291. Our review is de novo. See United States v. Richter, 510 F.3d 103, 104 (2d Cir. 2007) (per curiam). Upon review, we will summarily affirm because no substantial question is presented on appeal. See 3d Cir. L.A.R. 27.4; 3d Cir. I.O.P. 10.6.

A motion to vacate sentence under 28 U.S.C. § 2255 is the presumptive means to collaterally challenge a federal conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). The common law writ of error audita querela is not available when a challenge is cognizable under § 2255 because such common law writs survive only to fill the gaps in the current statutory scheme for post-conviction relief. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam). As the District

2

Court concluded, George essentially presented claims that could be raised in a § 2255 motion.  Although any such § 2255 motion would require our authorization, § 2255 is not an inadequate or ineffective remedy for George just because he appears unable to meet its stringent gatekeeping requirements.  See Massey, 581 F.3d at 174.   He cannot circumvent those requirements by using a common law writ.

For these reasons, we will affirm the District Court's judgment.