**CLD-331** **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 17-2375
_____

IN RE:  EDWARD G. MCCUSKER,
                                                              Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Civ. No. 2-09-cr-00771-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
August 10, 2017

Before:  SHWARTZ, RENDELL and FISHER, Circuit Judges

(Opinion filed: September 8, 2017)
_____

OPINION*
_____

PER CURIAM

    Pro se petitioner Edward McCusker has filed a petition for a writ of mandamus

seeking the relief described below.  We will deny the petition.

    In 2011, Edward McCusker was convicted in the United Stated District Court for

the Eastern District of Pennsylvania of mail fraud, wire fraud, and related crimes and was

sentenced to 60 months of imprisonment.  McCusker appealed but subsequently

_____
* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

withdrew his appeal.  United States v. Edward McCusker, No. 14-1868 (order entered on October 2, 2014).  McCusker has on numerous occasions attempted to collaterally challenge his convictions, claiming, inter alia, that his direct appeal counsel provided ineffective assistance by withdrawing his appeal and proceeding with a motion under 28 U.S.C. § 2255 instead.  McCusker filed three motions to vacate sentence pursuant to 28 U.S.C. § 2255, all of which were denied by the District Court.  This Court declined to issue certificates of appealability to McCusker to appeal these denials.  United States v. Edward McCusker, No. 16-3242 (order entered on October 20, 2016); United States v. Edward McCusker, No. 16-3928 (order entered on March 17, 2017).  This Court also denied his application to file a second or successive motion to vacate.  In re: Edward McCusker, No. 16-2152 (order entered on May 25, 2016).

McCusker now petitions this Court for a writ of mandamus.  McCusker seeks to have his direct appeal rights reinstated based on his direct appeal counsel's alleged misconduct.  McCusker also seeks immediate release and an order directing the District Court to rule on pending motions.  McCusker has also filed a motion for bail pending appeal.

A writ of mandamus is an extraordinary remedy.  See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005).  To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) [his] right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances."  Hollingsworth

2

v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (internal quotation marks, alteration omitted). Mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996). Moreover, a § 2255 motion filed in the sentencing court is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). McCusker previously filed numerous § 2255 motions which the District Court denied. If McCusker wishes to collaterally challenge his conviction or sentence by filing a second or successive § 2255 motion, he must do so by complying with the gatekeeping requirements prescribed by 28 U.S.C. § 2244 and § 2255(h). He may not use a mandamus petition to evade these requirements. See Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam); United States v. Baptiste, 223 F.3d 188, 189-90 (3d Cir. 2000) (per curiam).

To the extent McCusker requests that this Court direct the District Court to rule on his Rule 60(b) motion or his summary judgment motion, McCusker has not demonstrated a clear and indisputable right to relief. The District Court denied McCusker's Rule 60(b) motion, in which McCusker again argued that appellate counsel committed fraud, on November 7, 2016. Although the District Court has not ruled on McCusker's motion for summary judgment, this motion is moot to the extent he requested that the District Court act on his Rule 60(b) motion. To the extent McCusker again requested relief based on appellate counsel's alleged misconduct, the District Court has already denied relief on this claim multiple times. Moreover, at the time McCusker petitioned for mandamus

3

relief, his motion for summary judgment had only been pending for two months. The District Court has recently ruled on McCusker's third § 2255 motion and has been diligently disposing of McCusker's numerous filings. There is nothing in the record to demonstrate that the District Court has failed to exercise its jurisdiction. See Madden, 102 F.3d at 79 ("[A]n appellate court may issue a writ of mandamus on the ground that undue delay is tantamount to a failure to exercise jurisdiction[.]"). Accordingly, we will deny McCusker's mandamus petition. McCusker's motions to add exhibits to his mandamus petition are granted and his motion for bail pending appeal is denied.