**DLD-062**                                                        **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 21-2944

_____

IN RE:  KEVINO GRAHAM,
                                                        Petitioner

_____

On a Petition for Writ of Mandamus from the
United States District Court for the Eastern District of Pennsylvania
(Related to E.D. Pa. Crim. No. 2-14-cr-00623-001)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
January 13, 2022

Before: KRAUSE, MATEY and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed: January 26, 2022)

_____

OPINION[*]

_____

PER CURIAM

 Kevino Graham has filed a petition for a writ of mandamus requesting that we

"compel" the District Judge overseeing Graham's criminal and postconviction

proceedings "to answer" a question Graham claims he posed in a prior postconviction

motion. Pet. 1. For the following reasons, we will deny his petition.

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

After a jury trial in the Eastern District of Pennsylvania, Graham was convicted of sex trafficking by force and attempting to do the same. See 18 U.S.C. §§ 1591, 1594. The District Court denied two posttrial motions and sentenced Graham to 100 years' imprisonment. Graham then filed a postconviction motion pursuant to 28 U.S.C. § 2255, alleging among other things that counsel was ineffective for failing to object to jury instructions that, according to Graham, misapplied section 1591. The District Court denied that motion, and we declined to issue the certificate of appealability required to obtain review. See United States v. Graham, No. 20-1631 (3d Cir. Oct. 23, 2020), 2020 WL 9596841, cert. denied 141 S. Ct. 2655 (2021); see also 28 U.S.C. § 2253(c).

Graham filed in the District Court another section 2255 motion, accompanied by a "request to adjudicate" certain claims that he averred the District Court ignored in ruling on his original section 2255 motion. See United States v. Graham, No. 2-14-cr-00623-001, Dkt. Nos. 533, 535 (E.D. Pa. June 24, 2021). The District Court issued an order explaining that it lacks jurisdiction until Graham seeks and receives our authorization to file a second or successive motion. See id. at Dkt. No. 553 (Sept. 22, 2021); see also 28 U.S.C. §§ 2244, 2255(h). Graham moved for reconsideration, which the District Court denied. Graham then filed the instant mandamus petition, asserting that the jury instructions given by the District Court were inconsistent with section 1591, alleging that his counsel was ineffective for failing to object to those instructions, and asking that we compel the District Court to rule on this claim.

2

A writ of mandamus is an extraordinary remedy. See Kerr v. U.S. Dist. Ct., 426 U.S. 394, 402 (1976); In re Diet Drugs Prods. Liab. Litig., 418 F.3d 372, 378 (3d Cir. 2005). To obtain mandamus relief, a petitioner must establish that "(1) no other adequate means exist to attain the relief he desires, (2) his right to issuance of the writ is clear and indisputable, and (3) the writ is appropriate under the circumstances." Hollingsworth v. Perry, 558 U.S. 183, 190 (2010) (per curiam) (cleaned up). Mandamus cannot be used as a substitute for an appeal. Madden v. Myers, 102 F.3d 74, 77 (3d Cir. 1996).

To the extent that Graham now asks us to correct an alleged error in the District Court's order denying his original section 2255 motion, he should have brought this argument in his application for a certificate of appealability in the prior proceeding. See Graham, C.A.3 No. 20-1631.

To the extent that he asks us to compel the District Court to adjudicate a new claim, he must comply with the gatekeeping requirements prescribed by 28 U.S.C. § 2244 and § 2255(h). He may not use a mandamus petition to evade them.[1] Cf. Massey v. United States, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam); United States v. Baptiste, 223 F.3d 188, 189–90 (3d Cir. 2000) (per curiam).

Accordingly, we will deny Graham's petition for writ of mandamus.

---

[1] We express no opinion as to whether Graham could meet these requirements were he to file a proper application in the future.