**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2230
_____

UNITED STATES OF AMERICA

v.

SEAN L. HAGINS,
                                        Appellant
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(E.D. Pa. Criminal Action No. 2:06-cr-000485-001)
District Judge:  Honorable Wendy Beetlestone
_____

Submitted for Possible Summary Action
Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
August 31, 2023
Before:  KRAUSE, PORTER, and MONTGOMERY-REEVES, Circuit Judges

(Opinion filed September 6, 2023)
_____

OPINION[*]
_____

PER CURIAM

    Sean Hagins, proceeding pro se, appeals from an order of the United States

District Court for the Eastern District of Pennsylvania denying his petition seeking

_____

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

mandamus relief relating to his criminal conviction in that court.  For the reasons that follow, we will summarily affirm the District Court's judgment.

In 2008, Hagins was convicted by a jury of conspiring to straw purchase multiple firearms, in violation of 18 U.S.C. § 371, and four counts of possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  In 2009, he was sentenced to 360 months' imprisonment.  After his convictions and sentence were affirmed on appeal, see United States v. Hagins, 452 F. App'x 141 (3d Cir. 2011), he unsuccessfully sought post-conviction relief pursuant to 28 U.S.C. § 2255.  Between 2016 and 2020, Hagins submitted three applications to this Court for authorization, pursuant to 28 U.S.C. § 2244, to file a second or successive § 2255 motion.  Those applications were denied.  See C.A. Nos. 16-2975, 16-4007, 20-2429.

Hagins thereafter attempted to challenge his sentence in various ways, including through motions for compassionate release, and in a "Motion for Clerical Error Under Rule 36," which were denied.[1]  On May 30, 2023, Hagins filed a "Petition for Mandamus Motion Request for Immediate Release" pursuant to 28 U.S.C. § 1361.  In support of his motion, Hagins reframed the argument in his Rule 36 motion and asserted that the District Court erred in the calculation of his sentence.  He claimed that his 360-month sentence exceeded the statutory maximum of 240 months' imprisonment in violation of

---

[1] In denying the motion for clerical error, the District Court agreed with Hagins to the extent he argued that the sentencing court failed to specify the number of months allocated to each specific count.  See United States v. Ward, 626 F.3d 179, 184-85 (3d Cir. 2010) (remanding for resentencing where district court issued a "general" sentence). However, the District Court ruled that relief was not available under Rule 36, which is limited to correcting clerical errors in the judgment.

Apprendi v. New Jersey, 530 U.S. 466 (2000). D.Ct. ECF No. 268 at 5-7. The District Court denied the petition, finding that mandamus relief "may not be used to supplant (as it is evident that Hagins is seeking to do here) second or successive habeas petition procedures." D.Ct. ECF No. 272 at 2, n.1 (citing cases). Hagins filed a timely notice of appeal.

We have jurisdiction under 28 U.S.C. § 1291. We review the District Court's denial of a writ of mandamus for an abuse of discretion, but our review of whether the requirements for mandamus have been satisfied as a matter of law is plenary. Arnold v. Blast Inter. Unit 17, 843 F.2d 122, 125 (3d Cir. 1988). We may summarily affirm a district court's order where the "appeal does not present a substantial question." Murray v. Bledsoe, 650 F.3d 246, 247 (3d Cir. 2011) (per curiam).

A district court has jurisdiction in "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. A party seeking the issuance of a writ of mandamus must "have no other adequate means to attain the relief he desires," and must show that the "right to issuance of the writ is clear and indisputable." Stehney v. Perry, 101 F.3d 925, 934 n.6 (3d Cir. 1996) (quoting Allied Chemical Corp. v. Daiflon, Inc., 449 U.S. 33, 35 (1980) (internal quotations and citations omitted)).

We agree with the District Court's determination that mandamus is not an available remedy here. Hagins had other adequate means for raising his claim. He could have raised a claim under Apprendi on direct appeal. In addition, the proper avenue for presenting a collateral challenge to a federal conviction or sentence is a § 2255 motion.

3

See <u>Jones v. Hendrix</u>, 143 S. Ct. 1857, 1863 (2023).  While Hagins would need our prior authorization under § 2255(h) before filing another § 2255 motion, a litigant's inability to satisfy the applicable authorization standard does not constitute an extraordinary situation warranting mandamus relief.  <u>See</u> <u>Massey v. United States</u>, 581 F.3d 172, 174 (3d Cir. 2009) (per curiam) (involving a petition for a writ of audita querela).

Accordingly, we will summarily affirm the District Court's decision.